ORIGINAL
FILED

OCT 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CLIFFORD L. BRODY
4914 Crescent Street
Bethesda, Maryland 20816-1702
Tel: 301-320-3262

                       Plaintiff
                       *pro se*

    v.

RICHARD ATKINS
7612 14th Street NW
Washington DC 20012,

CYNTHIA SAMUELS
7612 14th Street NW
Washington DC 20012,

COBBLESTONE ASSOCIATES LLP
c/o Richard Atkins
7612 14th Street NW
Washington DC 20012,

DAVID SCHOENFELD
c/o Ward & Klein, Chartered
2275 Research Blvd., Suite 720
Rockville, MD 20850,

WARD & KLEIN, CHARTERED
2275 Research Blvd., Suite 720
Rockville, MD 20850,

KATHRINA PETERSON
Kuder, Smollar & Friedman, P.C.
1350 Connecticut Ave NW Suite 600,
Washington, DC 20036,

KUDER, SMOLLAR & FRIEDMAN, P.C.
1350 Connecticut Ave NW Suite 600,
Washington, DC 20036,

NATIONAL PROSTATE CANCER COALITION
Richard Atkins, CEO
1154 Fifteenth Street, NW
Washington, DC 20005,

                       Defendants

Civil Action #

JURY TRIAL DEMANDED

*JURY ACTION*

Case: 1:07-cv-01899
Assigned To : Collyer, Rosemary M.
Assign. Date : 10/22/2007
Description: Pro Se General Civil

1

**COMPLAINT**

Plaintiff Clifford L. Brody for his complaint against
Defendants Richard Atkins, Cynthia Samuels, Cobblestone
Associates LLP, David M. Schoenfeld, Ward & Klein Chartered,
Kathrina Peterson, Kuder, Smollar & Friedman, P.C., and the
National Prostate Cancer Coalition (collectively "Defendants")
states as follows:

1. This is a complex civil action to recover treble damages,
costs, and attorney's fees for violations of the federal
Racketeer Influenced and Corrupt Organizations Acts (see 18
U.S.C. 1961 et seq., the "RICO Act") for declaratory and
injunctive relief; for actual, consequential and exemplary
damages; and for all other relief which the Court deems just and
proper under all circumstances which have occasioned this
Initial Complaint.

2. The primary cause of this action is a widespread criminal
enterprise engaged in a pattern of racketeering activity across
state lines, and a conspiracy to engage in racketeering activity
involving numerous RICO predicate acts committed by Defendants
during the past three (3) calendar years.

3. The predicate acts alleged here cluster around
obstruction of justice, obstruction of State and local law
enforcement, interstate transportation of stolen property, and

violation of automatic stay requirements set forth in relevant federal bankruptcy law (see 18 U.S.C. §§ 1503, 1513, 2315; 28 U.S.C. § 157(b)(2), 11 U.S.C. § 362(h) respectively).

4. Other RICO predicate acts, often considered incidental in so-called civil RICO complaints, were actually an explicit part of the overall conspiracy and pattern of racketeering activity by Defendants alleged herein, e.g. explicit mail fraud, explicit wire fraud, and explicit bank fraud (see 18 U.S.C. §§ 1341, 1343, 1344, 1346 and 1349 respectively).

5. All individual Defendants named herein did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of RICO enterprises through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

6. Beginning at least as early as April, 2005 and lasting until now, Defendants separately and then eventually together engaged in an illegal scheme to deprive Plaintiff of financial assets, earnings, property, reputation, and capacity to earn a living and derive future income therefrom.

7. At various times and places, all individual Defendants named herein who were not directly owners, officers, or employees with one or another of the RICO enterprises identified herein in fact were associated with one or more of those RICO enterprises and engaged in conduct affecting interstate and / or foreign commerce.

8. The primary objective of the racketeering enterprises has been to inflict severe and sustained economic hardship upon Plaintiff, with the intent of impairing, obstructing, preventing and discouraging Plaintiff from enjoying unrestricted rights to his personal and professional property, of forcing Plaintiff to agree to and condone Defendants' actions and to compensate them for their actions, of impairing his full access to his own monetary assets, of denying Plaintiff's access to his personal and professional property including tools of the trade, and of preventing Plaintiff's enjoyment of the full protection of federal bankruptcy law by acts of intentional fraud.

9. Defendants additionally collaborated over this period of time to file in various state and federal courts complaints, motions, notices to Plaintiff, and other documents containing false and misleading statements and omitting facts, caused their clients and / or suppliers to make false and misleading statements under oath in depositions, filed false and misleading declarations, certificates, and other documents declaring same to be truthful under penalty of law, and conspired to cause one or more Defendants in their official capacity as Officer of the Court to knowingly make false and misleading statements during actual court proceedings.

10. Defendants' conduct violated the RICO Act, other federal and state statutes and, in the case of those Defendants who are admitted to practice before various state and federal

4

courts, relevant provisions of the Governing Codes of Professional Responsibility applicable to Members of the Bar in the State of Maryland and the District of Columbia.

## JURISDICTION

11.   This Court has original jurisdiction pursuant to the provisions of 18 U.S.C. § 1964.

## VENUE

12.   Venue for this action is predicated upon 18 U.S.C. § 1965.

## GOVERNING CODE OF PROFESSIONAL RESPONSIBILITY

13.   Defendants Schoenfeld and Peterson at all times acted as lawyers admitted to practice under the laws of the State of Maryland, District of Columbia and the rules of the Superior Court of the District of Columbia and the Rules of Professional Conduct ("RPC") established by the Bar Association of the District of Columbia and, by reference therein, the ABA Model Code of Judicial Conduct.

14.   Rule 8.5 of the RPC provides that a lawyer admitted to practice in the District of Columbia is subject to the disciplinary rules and the authority of the District of Columbia regardless of where the lawyer's conduct occurs.

## PARTIES AND RELATED NON-PARTIES

### Plaintiff

15.   Plaintiff CLIFFORD L. BRODY is an individual, was declared and paid as an employee of  Defendant Cobblestone, and

5

was named as a party to a suit filed in 2006 by Defendants

Atkins, Samuels, and Cobblestone at the Superior Court of the

District of Columbia.

**Defendants**

16.  Defendant RICHARD ATKINS ("Atkins") is an individual,

Chief Executive Officer of the National Prostate Cancer

Coalition, apparent officer / co-owner of Cobblestone Associates

LLP, and is a party to suits filed by himself, Defendant

Samuels, and Defendant Cobblestone.

17.  Defendant NATIONAL PROSTATE CANCER COALITION ("NPCC")

is an apparent not-for-profit organization located in Washington

DC, managed by Defendant Atkins as its CEO.

18.  Defendant CYNTHIA SAMUELS ("Samuels") is an individual

and spouse of Defendant Atkins, apparent officer / co-owner of

Cobblestone Associates LLP, and is a party to suits filed by

himself, Defendant Samuels, and Defendant Cobblestone against

Plaintiff.

19.  Defendant COBBLESTONE ASSOCIATES LLP ("Cobblestone")

is an apparent limited liability partnership or family trust

established by Defendants ATKINS and SAMUELS,

20.  Defendant DAVID M. SCHOENFELD ("Schoenfeld") is an

individual; admitted to the practice of law in Maryland and the

District of Columbia, and is a named member in the firm of

Defendant Ward & Klein Chartered.

6

21.   Defendant WARD & KLEIN CHARTERED ("Ward"), is a chartered corporation located at 2275 Research Blvd., Suite 720, Rockville, Maryland 20850, established for the practice of law.

22.   Defendant KATHRINA S. PETERSON ("Peterson") is an individual; admitted to the practice of law in the District of Columbia, and is a named associate at the firm of Defendant Kuder, Smollar & Friedman, P.C.

23.   Defendant KUDER, SMOLLAR & FRIEDMAN, P.C. ("Kuder") is a chartered corporation located at 1350 Connecticut Avenue, NW Suite 600, Washington, DC 20036 and is engaged in the practice of law.

**Related Non-Parties**

24.   BARBARA DECLERK is an individual; is not a party to this action; is a development director for a Washington DC-based not-for-profit organization, and has specific knowledge relevant to the instant matter.

25.   MAGNOLIA PLUMBING, INC., a plumbing and HVAC company, located at 600 Gallatin Street NE, Washington, D.C. 20017, which has specific knowledge relevant to the instant matter.

26.   JOEY MAGNOLIA, JR., president of Magnolia Plumbing, Inc, located at 600 Gallatin Street NE, Washington, D.C. 20017, who has specific knowledge relevant to the instant matter.

27. JAY WOODS is an individual; is or was an employee and / or agent of Magnolia Plumbing, Inc, and has specific knowledge relevant to the instant matter.

28. The SUPERIOR COURT OF THE DISTRICT OF COLUMBIA; it cannot be a party to the instant matter but its activities have been directly affected by the RICO actions of certain of the named Defendants in the instant matter.

### THE ENTERPRISES

29. Individual Defendants named herein conspired individually, and then caused their owned or employer organizations to act in a manner that constituted an "enterprise" as that term is defined in Title 18, United States Code Section 1961 (4) which enterprise engaged in, and the activities of which affected, interstate and / or foreign commerce.

30. Defendants Atkins and Samuels conspired to use the physical facilities and financial assets of Cobblestone Associates LLP to commit wire, mail, and bank fraud, to intentionally file certain lawsuits ("Lawsuits") at the Superior Court of the District of Columbia, to submit intentionally fraudulent and misleading filings, motions, and other documentary material to the Superior Court of the District of Columbia in connection with those Lawsuits, and to enrich themselves by attempting to obtain judgment against Plaintiff as a result of their conspiracy.

8

31.  Defendant Atkins conspired to use the physical
facilities and financial assets of the National Prostate Cancer
Coalition to commit wire, mail, and bank fraud, to intentionally
file certain law suits at the Superior Court of the District of
Columbia, to submit intentionally fraudulent and misleading
filings, motions, and other documentary material to the Superior
Court of the District of Columbia in connection with those
Lawsuits, and to enrich himself and Defendant Samuels by
attempting to obtain judgment against Plaintiff as a result of
his conspiracy.

32.  Defendant Schoenfeld conspired to use the physical
facilities and financial assets of Ward & Klein Chartered and /
or Kuder, Smollar & Friedman, P.C. to commit wire, mail, and
bank fraud, to intentionally file certain law suits at the
Superior Court of the District of Columbia, to submit
intentionally fraudulent and misleading filings, motions, and
other documentary material to the Superior Court of the District
of Columbia in connection with those Lawsuits, to suborn perjury
by complainants and witnesses attendant to and during court
proceedings, and to enrich himself through the attorney's fees
obtained in the aforementioned Lawsuits.

33.  Defendant Kathrina Peterson conspired to use the
physical facilities and financial assets of Kuder, Smollar &
Friedman, P.C. to commit wire and mail fraud to support the
activities of Defendant Schoenfeld to submit intentionally

9

fraudulent and misleading filings, motions, and other
documentary material to the Superior Court of the District of
Columbia, and to enrich herself through the attorney's fees
obtained in connection with the aforementioned Lawsuits as a
result of her representation of Related Party Barbara DeClerk.

34.  All individual Defendants eventually conspired to
commingle the physical facilities and financial assets of their
respective companies, organizations, and / or partnerships to
cause those enterprises to act in concert to achieve the ends
specified in paragraphs 29 to 33, above

35.  The common purpose of Defendants as a RICO enterprise
was to provide Defendants with the financial, technological,
documentary and professional means to enrich themselves or their
clients, customers, and / or suppliers at the expense of
Plaintiff.

36.  Many of the individual Defendants and others are
themselves separate and distinct from the enterprises named
herein and have taken other illegal and fraudulent actions
separately or jointly to enrich themselves or their clients,
customers, and / or suppliers at the expense of Plaintiff.

### COUNT ONE
### (Violations of 18 USC § 1962 (c)

37.  Plaintiff repeats and realleges each of the
allegations set forth in paragraphs 1 through 10 and paragraphs
29 through 36 above as if set forth here in full.

10

38.   18 USC § 1962 (c) proscribes the following conduct:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity…

39.   The purpose of this provision was to prevent the infiltration of legitimate business (e.g. the practice of law, the activity of not-for-profit organizations, the operations of limited liability partnerships or family trusts, the conduct of business by commercial corporations) by organized criminals.

40.   Pursuant to 18 USC § 1964, any person injured in his business or property by reason of a violation of 18 USC § 1962 may recover threefold the actual damages, plus the costs of the suit including reasonable attorneys' fees.

41.   From at least April, 2005 to the current time, the individual Defendants being members of, employed by, or associated directly or indirectly with Defendant Cobblestone Associates LLP ("Cobblestone"), willfully and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of Cobblestone which enterprise engaged in, and the activities of which affected, interstate and / or foreign commerce through a pattern of racketeering activity, consisting of the acts of racketeering described in the paragraphs below, in violation of Title 18, United States Code Section 1962 (c).

**Racketeering Activity**

42.  As detailed below, the individual defendants, having
infiltrated Cobblestone, NPCC, Ward, and Kuder committed
numerous acts of bank fraud (18 USC 1344), mail fraud (18 USC §
1341), and wire fraud (18 USC § 1343).

43.  Having committed numerous acts of bank fraud, mail
fraud, and wire fraud, the individual Defendants also committed
racketeering activities as defined by 18 USC § 1961 (1).

44.  The individual Defendants' acts of  bank fraud, mail
fraud, and wire fraud are racketeering activities and constitute
predicate acts as defined under RICO.

**Pattern of Racketeering Activity**

45.  Defendants Atkins and Samuels agreed to and did
conduct the affairs of Cobblestone LLP through a pattern of
racketeering activity, their conduct thus making Cobblestone a
criminal enterprise operating through a pattern of racketeering
activity:

a. By hiring and employing Plaintiff in his own name,
declaring same to the Internal Revenue Service, and then
defrauding Plaintiff (and the IRS) by claiming otherwise to
Plaintiff, the courts, and the IRS; and thereby denying
Plaintiff rightful access to Social Security, Medicare, and
other retirement benefits;

b. by using the US mails and land line systems to defraud
Plaintiff and other (non-related) parties;

12

c. by submitting false statements, documents, and other evidentiary material to Plaintiff and other (unrelated) parties using the US mails and land line systems;

d. by tendering checks and other forms of fraudulent payment involving funds under control of a chartered US financial institution as defined by 18 USC 1344;

e. by organizing and sanctioning the theft of Plaintiff's personal property and professional tools of the trade and their removal from Washington DC;

f. by using the US mails to solicit from and conspire with other individual defendants (Schoenfeld) false evidence and statements presented during the Lawsuits.

46.   Defendant Schoenfeld did conduct the affairs of Ward pursuant to his scheme to

a. conspire with Defendants Peterson and Kuder, Smollar & Friedman, P.C. using the US mails to illegally obtain, without any client's prior consent, confidential information belonging to Plaintiff;

b. enable Defendants Cobblestone, Atkins and Samuels others, to file and maintain lawsuits in violation of Federal and District of Columbia law;

c. entice Defendants Cobblestone, Atkins and Samuels to serve as Lead Plaintiffs in lawsuits against entities he knew be non-existent;

13

d. encourage Defendants to knowingly submit false claims and fraudulent documentation to Superior Court of the District of Columbia during the course of legal proceedings against Plaintiff;

e. increase fees by encouraging Defendants Cobblestone, Atkins, and Samuels to submit to the criminal enterprise of initiating and pursuing legal action known by Schoenfeld to be prohibited by Federal and District of Columbia law;

f. assist Ward and its members in securing appointments as lead counsel in the Lawsuits;

g. commit fraud upon the Superior Court of the District of Columbia and Plaintiff by knowingly submitting to that Court false claims and making false statements under penalty of perjury during actual Superior Court proceedings;

h. use the US mails and wire-based services including the internet and telephone to explicitly mislead and deceive Plaintiff and the Superior Court of the District of Columbia;

i. openly and blatantly violate provisions of the US Bankruptcy Code in seeking to obtain a Superior Court Ruling against Plaintiff after an automatic stay precluding such action was in place;

j. use the US mails to perpetrate a fraud by purposefully misdirecting documentation intended for Plaintiff and the Superior Court of the District of Columbia;

14

k. making intentionally mendacious claims, assertions and statements in documents submitted to the Superior Court of the District of Columbia, to the US Bankruptcy Court for the District of Maryland, to Plaintiff,  and to Plaintiff's Counsel;

l. enrich Ward and others of that enterprise and the Cobblestone enterprise through more than approximately seventy thousand dollars ($70,000) of attorneys' fees for Ward and over seven hundred thousand dollars ($700,000) for Cobblestone claimed in the Lawsuits;

m. increase the size of legal fees to be awarded them by misrepresenting their clients losses to the courts; and

n. file motions, certificates, and other documentation misleading by their nature as a result of numerous discrepancies ranging from unsigned forms, receipts for/claims of expenditures by Ward and / or Cobblestone that they knew were not made, to motions intentionally written to hide from the Superior Court of the District of Columbia the prohibition in Federal law of his and his clients' efforts to obtain relief being sought by Defendants Atkins, Samuels, and Cobblestone from that Court.[1]

47.   The mail fraud, wire fraud, and commercial bribery committed by defendants form a pattern of racketeering activity through a criminal enterprise under 18 U.S.C. § 1961(5).

48.   All racketeering activity described above in paragraph 46 is directly related to the racketeering enterprise Ward.

---

[1] The Honorable Judge Judith M. Retchin, of the Superior Court of the District of Columbia, in fact denied one of the above-mentioned fraudulent motions.

49.   All racketeering activity described above is part of the nexus of the affairs and functions of the racketeering enterprises of Ward, Cobblestone, Kuder, and NPCC.

50.   The Defendant Schoenfeld was able to commit the racketeering activities by virtue of his position in, association with, or his involvement in or control over the affairs of Ward & Klein Chartered.

51.   The racketeering activities began in or about 2005 and the pattern of racketeering activity is open-ended.

52.   Defendants Schoenfeld's, Ward's, Kuder's, and NPCC's, racketeering activities constitute their regular way of doing business.

53.   Were in not for Defendants' separate and collective fraudulent conduct, Plaintiff would have been able to continue in his profession, earn income, receive full payment for services rendered to Defendants Atkins and Samuels, receive higher Social Security retirement benefits, enjoy the use of funds set aside as a consequence of bankruptcy proceedings necessitated by Defendants' fraudulent conduct, and avoid payment of legal and other fees to cover the costs of defending himself in the lawsuits.

54.   As a result of their violation, Plaintiff was damaged in an amount not less than two hundred fifty five thousand dollars ($255,000) but not yet fully ascertained.

## COUNT TWO
## (Violations of 18 USC § 1962 (a))

55.  Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 10 and paragraphs 29 through 53  above as if set forth herein in full.

56.  18 USC § 1962 (a) proscribes the following conduct:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

57.  Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U. S. C. § 1962 may recover threefold the actual damages, plus the costs of the suit, including reasonable attorneys fees.

58.  From 2005 onward, the individual defendants received income derived, directly or indirectly, from a pattern of racketeering activity, consisting of the acts of racketeering described in paragraphs 1 through 10 and paragraphs 29 through 53 above, and unlawfully, willfully and knowingly used or invested, directly or indirectly, part of such income, or the proceeds of such income, in the acquisition of an interest in and/or the establishment or operation of Cobblestone and / or

17

Ward which enterprises engaged in and the activities of which affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1962(a).

59.  Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U. S. C. § 1962 may recover threefold the actual damages, plus the costs of the suit, including reasonable attorneys fees.

60.  From 2005 onward, the individual defendants received income derived, directly or indirectly, from a pattern of racketeering activity, consisting of the acts of racketeering described in paragraphs 1 through 10, paragraphs 29 through 53 above, and unlawfully, willfully and knowingly used or invested, directly or indirectly, part of such income, or the proceeds of such income, in the acquisition of an interest in and/or the establishment or operation of Cobblestone and / or Ward which enterprises engaged in and the activities of which affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1962(a).

### COUNT THREE
### (Violations of 18 U.S.C. § 1962(b)

61.  Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 10, paragraphs 29 through 53, and paragraphs 58 through 60 above as if set forth herein.

62.   18 U.S.C. § 1962(b) proscribes the following conduct:

It shall be unlawful for any person through a pattern
of racketeering activity to acquire or maintain,
directly or indirectly, any interest in or control of
any enterprise which is engaged in, or the activities
of which affect, interstate or foreign commerce.

63.   Pursuant to 18 U.S.C. § 1964, any person or
corporation injured in its business or property by reason of a
violation of 18 U. S. C. § 1962 (b) may recover threefold the
actual damages, plus the costs of the suit, including reasonable
attorneys fees.

64.   From 2005 onwards, the individual defendants
unlawfully, willfully and knowingly acquired and / or
maintained, directly and indirectly, an interest in and control
of Cobblestone and / or Ward and / or NPCC which enterprises
engaged in and the activities of which affected interstate and
foreign commerce, through a pattern of racketeering activity,
consisting of the acts of racketeering described in paragraphs 1
through 10, paragraphs 29 through 53, and paragraphs 58 through
60 above, in violation of Title 18, United States Code, Section
1962 (b).

## COUNT FOUR
### (Breach of Fiduciary Duties)

65.   Plaintiff repeats and realleges each of the
allegations set forth in paragraphs 1 through 10, paragraphs 29
through 53, paragraphs 58 through 60, and paragraphs 63-64 above
as if set forth herein.

66.   As counsel to Cobblestone, Atkins and Samuels, and as
Officer of the Court in the Superior Court of the District of
Columbia and Federal bankruptcy lawsuits herein referenced,
Defendants Ward, Schoenfeld, Kuder and Peterson owed their
clients certain fiduciary duties.

67.   These Defendants breached that obligation by:

a. filing false documents with the court;

b. causing its clients to make false statements;

c. violating rules of the District of Columbia Rules of
Professional Conduct;

d. violating Rules 5 and 11 of the Federal Rules of Civil
Procedure

e. violating equivalent Rules 5 and 11 of the Superior
Court of the District of Columbia

68.   As a result of these Defendants' conduct, Plaintiff
was damaged.

## CONCLUSION

69.   The misconduct by Ward, Cobblestone, NPCC, and Kuder,
and the individual defendants make all defendants improper
recipients of fees for and / or judgment awards and / or
settlement amounts from Plaintiff for the handling and / or
settlement of the cases involved in this complaint, require that
they disgorge any such fees and awards improperly received, and
that those funds be repaid to Plaintiff.

WHEREFORE , Plaintiff demands judgment against Defendants as follows:

A. awarding to the Plaintiff treble damages as a result of Defendants' violations of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.;

B. awarding to the Plaintiff damages as a result of Defendants' actions in violation of the automatic stay provisions of the US Bankruptcy Code;

C. awarding to the Plaintiff damages as a result of Defendants' breach of fiduciary duties;

D. awarding to the Plaintiff damages as a result of Defendants' fraud;

E. awarding to the Plaintiff prejudgment and post-judgment interest at the lawful rate;

F. awarding to Plaintiff the costs and disbursements of this action, including reasonable attorneys fees, and

*(rest of page intentionally blank)*

G. for any other and further relief this Court deems just and proper under the circumstances.

### JURY DEMAND

Plaintiff respectfully demands a trial by jury.

October 22, 2007
Bethesda. Maryland

Respectfully submitted by:

Clifford L. Brody
*pro se*

4914 Crescent Street
Bethesda, Maryland 20816-1702
Home      301-320-3262
Cell       202-213-3076
Email     clbrody@verizon.net

F-1899
RMC

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CLIFFORD L. BRODY, pro se<br>4914 Crescent Street<br>Bethesda, Maryland 20816-1702    88888 | Richard Atkins, Cynthia Samuels, Cobblestone Associates LLP, David Schoenfeld, et al |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

No Plaintiff acting pro se
CLIFFORD BRODY
301-320-3262

Case: 1:07-cv-01899
Assigned To : Collyer, Rosemary M.
Assign. Date : 10/22/2007
Description: Pro Se General Civil

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) OR | ◉ F. Pro Se General Civil |
|---|---|

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☒ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

⑧

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
18 U.S.C. 1961 et seq. Racketeering; 18 U.S.C. §§ 1341, 1343, 1344, 1346 and 1349; bank/wire/mail fraud (predicate acts)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ 765,000  Check YES only if demanded in complaint  JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE October 22, 2007  SIGNATURE OF ATTORNEY OF RECORD PLAINTIFF [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.