IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

CLIFFORD L. BRODY

   Plaintiff

  vs.       Civil Action #1:07-cv-01899RMC

RICHARD ATKINS, *et al.*

   Defendants

## PRAECIPE SUBMITTING NOTICE OF REMOVAL

  The Clerk of the Court will please accept for filing the following documents in the above-captioned matter:

1. Notice of Removal, filed contemporaneously herewith pursuant to FRBP 9027 with the United States Bankruptcy Court for the District of Maryland, Southern Division, in *In re: Clifford L. Brody,* Chapter 13 Case #07-11415TJC
2. Filing Receipt – Notice of Removal
3. Process and Complaint filed in the matter *sub judice*
4. Notice of Bankruptcy Case Filing, issued by the United States Bankruptcy Court for the District of Maryland, Southern Division, in *In re: Clifford L. Brody,* Chapter 13 Case #07-11415TJC

  The Clerk will please remove and forward all pleadings, process, notices, etc. previously filed and issued herein to the Clerk of the United States Bankruptcy Court for the District of Maryland, Southern Division, for adjudication in that forum.

      Respectfully submitted,
      WARD & KLEIN, CHARTERED


      */s/  David M. Schoenfeld, Esq.*
      David M. Schoenfeld, Esq.  #431146
      John C. Hanrahan, Esq.  #412118
      2275 Research Blvd., #720
      Rockville MD  20850
      240-243-7200

Attorneys for Defendants Atkins, Samuels,
Cobblestone Associates, LLP, David M.
Schoenfeld, Esq., and Ward & Klein,
Chartered

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 6, 2007, I cause a copy of the foregoing to be served via first-class mail, postage pre-paid to:

Clifford L. Brody
3914 Crescent Street
Bethesda, MD 20816-1702
*Plaintiff*

National Prostate Cancer Coalition
c/o Richard Atkins, CEO
1154 15th Street, N.W.
Washington, D.C. 20005
*Defendant*

Kathrina Peterson, Esq.
Kuder, Smollar & Friedman, P.C.
1350 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036
*Defendant*

Kuder, Smollar & Friedman, P.C.
1350 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036
*Defendant*

*/s/ John C. Hanrahan*
John C. Hanrahan, Esq.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

IN RE:

CLIFFORD L. BRODY                    Case No. 07-11415TJC
                                      Chapter 13

      Debtor

### NOTICE OF REMOVAL

COMES NOW, Movants Richard Atkins, Cynthia Samuels, Cobblestone Associates, LLC; by and through counsel, David M. Schoenfeld, John C. Hanrahan, and Ward & Klein, Chartered, (collectively "Movants") as Defendants in United States District Court District of Columbia ("District Court") case number 1-07-CV-01899 ("RICO Action") filed by Debtor Clifford L. Brody ("Debtor") and herewith request this Honorable Court to remove the RICO Action from the United States District Court for the District of Columbia to the United States Bankruptcy Court for the District of Maryland Southern Division ("Bankruptcy Court"), and state as follows in support thereof:

1.  On or about February 14, 2007, the Debtor commenced Chapter 13 proceedings, case number 07-11415, ("Bankruptcy Case") in the Bankruptcy Court in the District of Maryland Southern Division.  Thereafter, the Debtor, proceeding *pro se* and apparently without the knowledge of his counsel, commenced frivolous proceedings in the U.S. District Court of the District of Columbia on October 22, 2007, alleging that the Movants, as well as their undersigned counsel, violated Title 18 U.S.C. 1961, The Racketeer Influenced and Corruption Organizations Act.  The Movants respectfully assert that the RICO Action properly belongs before the Bankruptcy Court.

1

2.    The Movants have complied with the procedural requirements in Title 11 U.S.C. § 9027.  This Notice of Removal  ("Notice") is being filed within thirty (30) days after receipt of a copy of the RICO Action's initial pleadings.   This Notice is also accompanied by a copy of all process and pleadings from the District Court.    (Attached hereto as Exhibit 1). Contemporaneously herewith, the undersigned represents that he will file a copy of this Notice with the Clerk of the District Court.

3.    Debtor's RICO Action is a "core proceeding", and, as such, belongs with this Honorable Court.  Pursuant to 28 U.S.C. § 157(a), all cases arising in or relating to cases under "Title 11 shall be referred to the Bankruptcy Judges for the District".  A Bankruptcy Judge shall hear and determine core proceedings arising under the Bankruptcy Code and may enter orders and judgments in those proceedings.  28 U.S.C. § 157(b)(1).  Core proceedings are defined in a non-exclusive list at § 157(b)(2).  A core proceeding includes "counterclaims by the estate against persons filing claims against the estate".  28 U.S.C. § 157 (2)(B).  Debtor's RICO Action, in the event it is considered a colorable claim, constitutes just such a counterclaim.

4.    By way of brief background, on or about April 12, 2006, the Movants filed a complaint in the Superior Court for the District of Columbia ("Superior Court") against the Debtor, alleging breach of contract, fraud, misrepresentation, unlawful practices and failure to be licensed as a D.C. home improvement contractor.  The Superior Court granted Movants' Motion for Summary Judgment after a hearing of the matter on January 12, 2007.  Thereafter, the Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code with this Honorable Court and the Movants filed a Proof of Claim as unsecured creditors.  On or about May 14, 2007, the Superior Court granted Movants' Motion for Entry of Judgment against Debtor's corporate

2

affiliates and non-filing co-defendants -  The Finishing Touch, LLC; and The Finishing Touch, Inc.

5.  Debtor likely filed the frivolous RICO Action in an effort to harass the Movants, and possibly in an effort to "conflict" the undersigned from the bankruptcy action, effectively depriving them of counsel and/or unnecessarily driving up Richard Atkins' and Cynthia Samuels' costs.   As has become rather predictable, the Debtor continues to file pleading after pleading in a desperate attempt to avoid any and all culpability for his actions.  Further, Debtor's motivation for filing the Action is readily transparent.  Debtor points to no misrepresentation, no false statement, no misleading evidence, no conspiratorial act to support or sustain the RICO Action.   In fact, the Movants respectfully assert that the RICO Action is a direct result of and calculated response to the Movants' "audacity" to file suit against the Debtor and actually meet with success.  Simply put, the Action, albeit incredulous, is inextricably intertwined with the Bankruptcy case and, as such, properly belongs before this Honorable Court.

For all of the foregoing reasons, the Movants respectfully request that Debtor's RICO Action be removed from the United States District Court for the District of Columbia to this Honorable Court.

<div style="margin-left: 40%;">

Respectfully submitted,
WARD & KLEIN, CHARTERED


*/s/ John C. Hanrahan*
John C. Hanrahan, Esq.   #04242
David M. Schoenfeld, Esq.  #08038
2275 Research Blvd., Suite 720
Rockville, MD 20850
(240) 243-7000
Attorneys for Movants

</div>

3

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 5TH of November, 2007, I served a copy of the foregoing Notice of Removal to the following parties via first-class mail, postage pre-paid:

Clifford L. Brody
3914 Crescent Street
Bethesda, MD 20816-1702
*Debtor/Plaintiff, RICO Action*

Kathrina Peterson
Kuder, Smollar & Friedman, P.C.
1350 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036
*Defendant, RICO Action*

National Prostate Cancer Coalition
c/o Richard Atkins, CEO
1154 15th Street, N.W.
Washington, D.C. 20005
*Defendant, RICO Action*

Kuder, Smollar & Friedman, P.C.
1350 Connecticut Ave., N.W., Suite 600
Washington, D.C. 20036
*Defendant, RICO Action*

Michael R. Murphey, Esq.
1320 19th St., NW
Suite 202
Washington DC  20036
*Debtor's Counsel*

Nancy L. Spencer-Grigsby
P.O. Box 958
Bowie MD 20718
*Chapter 13 Trustee*

*/s/ John C. Hanrahan*
John C. Hanrahan, Esq.

**Open Adversary**

## U.S. Bankruptcy Court

## District of Maryland

Notice of Electronic Filing

The following transaction was received from Hanrahan, John entered on 11/6/2007 at 9:44 AM EST and filed on 11/6/2007

**Case Name:**        Brody v. Atkins et al
**Case Number:**      07-00902
**Document Number:** 1
**Case Name:**        Clifford L. Brody
**Case Number:**      07-11415
**Document Number:** 78

**Docket Text:**
Adversary case 07-00902. (01 (Determination of removed claim or cause)) Notice of Removal by Clifford L. Brody. FEE EXEMPT,. (Attachments: # (1) Exhibit RICO Complaint, Summons) (Hanrahan, John)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\HANRAHAN\Bky\Creditor\Atkins\Removal\Notice of Removal - bky ct.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1013806484 [Date=11/6/2007] [FileNumber=11092780-0] [18482557d5fbdddb3ee39073e1313cca72570966f0e7abb97eec5364341f70eec1 b4f1d303ccf5e9f33d07e9915ab16e3048fecb453aaad214b0c648a39f2dcc]]
**Document description:** Exhibit RICO Complaint, Summons
**Original filename:** C:\HANRAHAN\Bky\Creditor\Atkins\Removal\RICO Complaint.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1013806484 [Date=11/6/2007] [FileNumber=11092780-1] [5de74d1696dbb3b375ef9894c3becd304e94fcb0427a7ef99bcbe2b5eeb31c7e9f d7a6356e838f49fd609ee0afaf0bd223ed707b2efb44c1a423edb0ad9135fa]]
**Document description:** Main Document
**Original filename:** C:\HANRAHAN\Bky\Creditor\Atkins\Removal\Notice of Removal - bky ct.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1013806484 [Date=11/6/2007] [FileNumber=11092781-0] [43a2c98bb242aa87e63e1b246eca4c5a151fd0c509008de83642bafbb202325982 367255f7412c909f889ae4880e167304d76757e404b09c4fd84b5b4e074b19]]
**Document description:** Exhibit RICO Complaint, Summons
**Original filename:** C:\HANRAHAN\Bky\Creditor\Atkins\Removal\RICO Complaint.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1013806484 [Date=11/6/2007] [FileNumber=11092781-1] [2d5e794434efe6f9b883cb0017badeaaf9bf5379e0eb8ddb82f7a4d0dd5e1e3af5 a8abf7d08113c0e2f326858e0539ee9577797b6fd17516584a0194394a050e]]

**07-00902 The following parties will be notified by electronic mail only. No paper copy will be**

mailed:[excludes First Meeting Notices]

John C. Hanrahan ( on behalf of Atkins )    jchlaw@fred.net,
jhanrahan@ward-klein.com

**07-00902 The following parties will not receive notice by electronic mail:**

Clifford L. Brody
4914 Crescent Street
Bethesda, MD 20816

Kuder, Smollar & Freidman, PC
1350 Connecticut Ave., NW
Suite 600
Washington, DC 20036

National Prostate Cancer Coalition
1154 Fifteenth St., NW
Washington, DC 20005

Kathrina Peterson
1350 Connecticut Ave., NW`
Suite 600
Washington, DC 20036

**07-11415 The following parties will be notified by electronic mail only. No paper copy will be
mailed:[excludes First Meeting Notices]**

Anne E. Blaess ( on behalf of United States )    Anne.E.Blaess@usdoj.gov,
Eastern.Taxcivil@USDOJ.gov

John C. Hanrahan ( on behalf of Atkins )    jchlaw@fred.net,
jhanrahan@ward-klein.com

Lynn A. Kohen ( on behalf of US Trustee - Greenbelt )    lynn.a.kohen@usdoj.gov

Michael R. Murphey ( on behalf of Brody )    murpheyusa@aol.com

Nancy L Spencer Grigsby    Grigsbyecf@ch13md.com,
bdms@ch13md.com

**07-11415 The following parties will not receive notice by electronic mail:**

Debtor(s): Clifford L. Brody; The Finishing Touch

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

CLIFFORD BRODY

**SUMMONS IN A CIVIL CASE**

V.

RICHARD ATKINS ET AL

CASE N

Case: 1:07-cv-01899
Assigned To : Collyer, Rosemary M.
Assign. Date : 10/22/2007
Description: Pro Se General Civil

**TO:** (Name and address of Defendant)

DAVID SCHOENFELD
C/OWARD KLEIN
2275 RESEARCH BLVD #720
ROCKVILLE MD 20850

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S PRO SE (name and address)

CLIFFORD BRODY
4914 CRESCENT ST
BETHESDA, MARYLAND 20816

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON
CLERK

OCT 22 2007
DATE

(BY) DEPUTY CLERK

COPY

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CLIFFORD L. BRODY
4914 Crescent Street
Bethesda, Maryland 20816-1702
Tel: 301-320-3262

                              Plaintiff
                              *pro se*

       v.

RICHARD ATKINS
7612 14th Street NW
Washington DC 20012,

CYNTHIA SAMUELS
7612 14th Street NW
Washington DC 20012,

COBBLESTONE ASSOCIATES LLP
c/o Richard Atkins
7612 14th Street NW
Washington DC 20012,

DAVID SCHOENFELD
c/o Ward & Klein, Chartered
2275 Research Blvd., Suite 720
Rockville, MD 20850,

WARD & KLEIN, CHARTERED
2275 Research Blvd., Suite 720
Rockville, MD 20850,

KATHRINA PETERSON
Kuder, Smollar & Friedman, P.C.
1350 Connecticut Ave NW Suite 600,
Washington, DC 20036,

KUDER, SMOLLAR & FRIEDMAN, P.C.
1350 Connecticut Ave NW Suite 600,
Washington, DC 20036,

NATIONAL PROSTATE CANCER COALITION
Richard Atkins, CEO
1154 Fifteenth Street, NW
Washington, DC 20005,

                          Defendants

Civil Action #

JURY TRIAL DEMANDED

Case: 1:07-cv-01899
Assigned To : Collyer, Rosemary M.
Assign. Date : 10/22/2007
Description: Pro Se General Civil

1

## COMPLAINT

Plaintiff Clifford L. Brody for his complaint against Defendants Richard Atkins, Cynthia Samuels, Cobblestone Associates LLP, David M. Schoenfeld, Ward & Klein Chartered, Kathrina Peterson, Kuder, Smollar & Friedman, P.C., and the National Prostate Cancer Coalition (collectively "Defendants") states as follows:

1. This is a complex civil action to recover treble damages, costs, and attorney's fees for violations of the federal Racketeer Influenced and Corrupt Organizations Acts (see 18 U.S.C. 1961 et seq., the "RICO Act") for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which the Court deems just and proper under all circumstances which have occasioned this Initial Complaint.

2. The primary cause of this action is a widespread criminal enterprise engaged in a pattern of racketeering activity across state lines, and a conspiracy to engage in racketeering activity involving numerous RICO predicate acts committed by Defendants during the past three (3) calendar years.

3. The predicate acts alleged here cluster around obstruction of justice, obstruction of State and local law enforcement, interstate transportation of stolen property, and violation of automatic stay requirements set forth in relevant

2

federal bankruptcy law (see 18 U.S.C. §§ 1503, 1513, 2315; 28 U.S.C. § 157(b)(2), 11 U.S.C. § 362(h) respectively).

4. Other RICO predicate acts, often considered incidental in so-called civil RICO complaints, were actually an explicit part of the overall conspiracy and pattern of racketeering activity by Defendants alleged herein, e.g. explicit mail fraud, explicit wire fraud, and explicit bank fraud (see 18 U.S.C. §§ 1341, 1343, 1344, 1346 and 1349 respectively).

5. All individual Defendants named herein did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of RICO enterprises through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

6. Beginning at least as early as April, 2005 and lasting until now, Defendants separately and then eventually together engaged in an illegal scheme to deprive Plaintiff of financial assets, earnings, property, reputation, and capacity to earn a living and derive future income therefrom.

7. At various times and places, all individual Defendants named herein who were not directly owners, officers, or employees with one or another of the RICO enterprises identified herein in fact were associated with one or more of those RICO enterprises and engaged in conduct affecting interstate and / or foreign commerce.

8. The primary objective of the racketeering enterprises has been to inflict severe and sustained economic hardship upon Plaintiff, with the intent of impairing, obstructing, preventing and discouraging Plaintiff from enjoying unrestricted rights to his personal and professional property, of forcing Plaintiff to agree to and condone Defendants' actions and to compensate them for their actions, of impairing his full access to his own monetary assets, of denying Plaintiff's access to his personal and professional property including tools of the trade, and of preventing Plaintiff's enjoyment of the full protection of federal bankruptcy law by acts of intentional fraud.

9. Defendants additionally collaborated over this period of time to file in various state and federal courts complaints, motions, notices to Plaintiff, and other documents containing false and misleading statements and omitting facts, caused their clients and / or suppliers to make false and misleading statements under oath in depositions, filed false and misleading declarations, certificates, and other documents declaring same to be truthful under penalty of law, and conspired to cause one or more Defendants in their official capacity as Officer of the Court to knowingly make false and misleading statements during actual court proceedings.

10.   Defendants' conduct violated the RICO Act, other federal and state statutes and, in the case of those Defendants who are admitted to practice before various state and federal

courts, relevant provisions of the Governing Codes of Professional Responsibility applicable to Members of the Bar in the State of Maryland and the District of Columbia.

## JURISDICTION

11.  This Court has original jurisdiction pursuant to the provisions of 18 U.S.C. § 1964.

## VENUE

12.  Venue for this action is predicated upon 18 U.S.C. § 1965.

## GOVERNING CODE OF PROFESSIONAL RESPONSIBILITY

13.  Defendants Schoenfeld and Peterson at all times acted as lawyers admitted to practice under the laws of the State of Maryland, District of Columbia and the rules of the Superior Court of the District of Columbia and the Rules of Professional Conduct ("RPC") established by the Bar Association of the District of Columbia and, by reference therein, the ABA Model Code of Judicial Conduct.

14.  Rule 8.5 of the RPC provides that a lawyer admitted to practice in the District of Columbia is subject to the disciplinary rules and the authority of the District of Columbia regardless of where the lawyer's conduct occurs.

## PARTIES AND RELATED NON-PARTIES

### Plaintiff

15.  Plaintiff CLIFFORD L. BRODY is an individual, was declared and paid as an employee of  Defendant Cobblestone, and

5

was named as a party to a suit filed in 2006 by Defendants
Atkins, Samuels, and Cobblestone at the Superior Court of the
District of Columbia.

**Defendants**

16.   Defendant RICHARD ATKINS ("Atkins") is an individual,
Chief Executive Officer of the National Prostate Cancer
Coalition, apparent officer / co-owner of Cobblestone Associates
LLP, and is a party to suits filed by himself, Defendant
Samuels, and Defendant Cobblestone.

17.   Defendant NATIONAL PROSTATE CANCER COALITION ("NPCC")
is an apparent not-for-profit organization located in Washington
DC, managed by Defendant Atkins as its CEO.

18.   Defendant CYNTHIA SAMUELS ("Samuels") is an individual
and spouse of Defendant Atkins, apparent officer / co-owner of
Cobblestone Associates LLP, and is a party to suits filed by
himself, Defendant Samuels, and Defendant Cobblestone against
Plaintiff.

19.   Defendant COBBLESTONE ASSOCIATES LLP ("Cobblestone")
is an apparent limited liability partnership or family trust
established by Defendants ATKINS and SAMUELS,

20.   Defendant DAVID M. SCHOENFELD ("Schoenfeld") is an
individual; admitted to the practice of law in Maryland and the
District of Columbia, and is a named member in the firm of
Defendant Ward & Klein Chartered.

6

21. Defendant WARD & KLEIN CHARTERED ("Ward"), is a chartered corporation located at 2275 Research Blvd., Suite 720, Rockville, Maryland 20850, established for the practice of law.

22. Defendant KATHRINA S. PETERSON ("Peterson") is an individual; admitted to the practice of law in the District of Columbia, and is a named associate at the firm of Defendant Kuder, Smollar & Friedman, P.C.

23. Defendant KUDER, SMOLLAR & FRIEDMAN, P.C. ("Kuder") is a chartered corporation located at 1350 Connecticut Avenue, NW Suite 600, Washington, DC 20036 and is engaged in the practice of law.

### Related Non-Parties

24. BARBARA DECLERK is an individual; is not a party to this action; is a development director for a Washington DC-based not-for-profit organization, and has specific knowledge relevant to the instant matter.

25. MAGNOLIA PLUMBING, INC., a plumbing and HVAC company, located at 600 Gallatin Street NE, Washington, D.C. 20017, which has specific knowledge relevant to the instant matter.

26. JOEY MAGNOLIA, JR., president of Magnolia Plumbing, Inc, located at 600 Gallatin Street NE, Washington, D.C. 20017, who has specific knowledge relevant to the instant matter.

7

27. JAY WOODS is an individual; is or was an employee and / or agent of Magnolia Plumbing, Inc, and has specific knowledge relevant to the instant matter.

28. The SUPERIOR COURT OF THE DISTRICT OF COLUMBIA; it cannot be a party to the instant matter but its activities have been directly affected by the RICO actions of certain of the named Defendants in the instant matter.

## THE ENTERPRISES

29. Individual Defendants named herein conspired individually, and then caused their owned or employer organizations to act in a manner that constituted an "enterprise" as that term is defined in Title 18, United States Code Section 1961 (4) which enterprise engaged in, and the activities of which affected, interstate and / or foreign commerce.

30. Defendants Atkins and Samuels conspired to use the physical facilities and financial assets of Cobblestone Associates LLP to commit wire, mail, and bank fraud, to intentionally file certain lawsuits ("Lawsuits") at the Superior Court of the District of Columbia, to submit intentionally fraudulent and misleading filings, motions, and other documentary material to the Superior Court of the District of Columbia in connection with those Lawsuits, and to enrich themselves by attempting to obtain judgment against Plaintiff as a result of their conspiracy.

31.  Defendant Atkins conspired to use the physical
facilities and financial assets of the National Prostate Cancer
Coalition to commit wire, mail, and bank fraud, to intentionally
file certain law suits at the Superior Court of the District of
Columbia, to submit intentionally fraudulent and misleading
filings, motions, and other documentary material to the Superior
Court of the District of Columbia in connection with those
Lawsuits, and to enrich himself and Defendant Samuels by
attempting to obtain judgment against Plaintiff as a result of
his conspiracy.

32.  Defendant Schoenfeld conspired to use the physical
facilities and financial assets of Ward & Klein Chartered and /
or Kuder, Smollar & Friedman, P.C. to commit wire, mail, and
bank fraud, to intentionally file certain law suits at the
Superior Court of the District of Columbia, to submit
intentionally fraudulent and misleading filings, motions, and
other documentary material to the Superior Court of the District
of Columbia in connection with those Lawsuits, to suborn perjury
by complainants and witnesses attendant to and during court
proceedings, and to enrich himself through the attorney's fees
obtained in the aforementioned Lawsuits.

33.  Defendant Kathrina Peterson conspired to use the
physical facilities and financial assets of Kuder, Smollar &
Friedman, P.C. to commit wire and mail fraud to support the
activities of Defendant Schoenfeld to submit intentionally

9

fraudulent and misleading filings, motions, and other documentary material to the Superior Court of the District of Columbia, and to enrich herself through the attorney's fees obtained in connection with the aforementioned Lawsuits as a result of her representation of Related Party Barbara DeClerk.

34.  All individual Defendants eventually conspired to commingle the physical facilities and financial assets of their respective companies, organizations, and / or partnerships to cause those enterprises to act in concert to achieve the ends specified in paragraphs 29 to 33, above

35.  The common purpose of Defendants as a RICO enterprise was to provide Defendants with the financial, technological, documentary and professional means to enrich themselves or their clients, customers, and / or suppliers at the expense of Plaintiff.

36.  Many of the individual Defendants and others are themselves separate and distinct from the enterprises named herein and have taken other illegal and fraudulent actions separately or jointly to enrich themselves or their clients, customers, and / or suppliers at the expense of Plaintiff.

### COUNT ONE
### (Violations of 18 USC § 1962 (c)

37.  Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 10 and paragraphs 29 through 36 above as if set forth here in full.

38.  18 USC § 1962 (c) proscribes the following conduct:

It shall be unlawful for any person employed by or
associated with any enterprise engaged in, or the
activities of which affect, interstate or foreign
commerce, to conduct or participate, directly or
indirectly, in the conduct of such enterprise's
affairs through a pattern of racketeering activity…

39.  The purpose of this provision was to prevent the

infiltration of legitimate business (e.g. the practice of law,

the activity of not-for-profit organizations, the operations of

limited liability partnerships or family trusts, the conduct of

business by commercial corporations) by organized criminals.

40.  Pursuant to 18 USC § 1964, any person injured in his

business or property by reason of a violation of 18 USC § 1962

may recover threefold the actual damages, plus the costs of the

suit including reasonable attorneys' fees.

41.  From at least April, 2005 to the current time, the

individual Defendants being members of, employed by, or

associated directly or indirectly with Defendant Cobblestone

Associates LLP ("Cobblestone"), willfully and knowingly

conducted and participated, directly and indirectly, in the

conduct of the affairs of Cobblestone which enterprise engaged

in, and the activities of which affected, interstate and / or

foreign commerce through a pattern of racketeering activity,

consisting of the acts of racketeering described in the

paragraphs below, in violation of Title 18, United States Code

Section 1962 (c).

**Racketeering Activity**

42.  As detailed below, the individual defendants, having infiltrated Cobblestone, NPCC, Ward, and Kuder committed numerous acts of bank fraud (18 USC 1344), mail fraud (18 USC § 1341), and wire fraud (18 USC § 1343).

43.  Having committed numerous acts of bank fraud, mail fraud, and wire fraud, the individual Defendants also committed racketeering activities as defined by 18 USC § 1961 (1).

44.  The individual Defendants' acts of bank fraud, mail fraud, and wire fraud are racketeering activities and constitute predicate acts as defined under RICO.

**Pattern of Racketeering Activity**

45.  Defendants Atkins and Samuels agreed to and did conduct the affairs of Cobblestone LLP through a pattern of racketeering activity, their conduct thus making Cobblestone a criminal enterprise operating through a pattern of racketeering activity:

a. By hiring and employing Plaintiff in his own name, declaring same to the Internal Revenue Service, and then defrauding Plaintiff (and the IRS) by claiming otherwise to Plaintiff, the courts, and the IRS; and thereby denying Plaintiff rightful access to Social Security, Medicare, and other retirement benefits;

b. by using the US mails and land line systems to defraud Plaintiff and other (non-related) parties;

c. by submitting false statements, documents, and other evidentiary material to Plaintiff and other (unrelated) parties using the US mails and land line systems;

d. by tendering checks and other forms of fraudulent payment involving funds under control of a chartered US financial institution as defined by 18 USC 1344;

e. by organizing and sanctioning the theft of Plaintiff's personal property and professional tools of the trade and their removal from Washington DC;

f. by using the US mails to solicit from and conspire with other individual defendants (Schoenfeld) false evidence and statements presented during the Lawsuits.

46.    Defendant Schoenfeld did conduct the affairs of Ward pursuant to his scheme to

a. conspire with Defendants Peterson and Kuder, Smollar & Friedman, P.C. using the US mails to illegally obtain, without any client's prior consent, confidential information belonging to Plaintiff;

b. enable Defendants Cobblestone, Atkins and Samuels others, to file and maintain lawsuits in violation of Federal and District of Columbia law;

c. entice Defendants Cobblestone, Atkins and Samuels to serve as Lead Plaintiffs in lawsuits against entities he knew be non-existent;

13

d. encourage Defendants to knowingly submit false claims and fraudulent documentation to Superior Court of the District of Columbia during the course of legal proceedings against Plaintiff;

e. increase fees by encouraging Defendants Cobblestone, Atkins, and Samuels to submit to the criminal enterprise of initiating and pursuing legal action known by Schoenfeld to be prohibited by Federal and District of Columbia law;

f. assist Ward and its members in securing appointments as lead counsel in the Lawsuits;

g. commit fraud upon the Superior Court of the District of Columbia and Plaintiff by knowingly submitting to that Court false claims and making false statements under penalty of perjury during actual Superior Court proceedings;

h. use the US mails and wire-based services including the internet and telephone to explicitly mislead and deceive Plaintiff and the Superior Court of the District of Columbia;

i. openly and blatantly violate provisions of the US Bankruptcy Code in seeking to obtain a Superior Court Ruling against Plaintiff after an automatic stay precluding such action was in place;

j. use the US mails to perpetrate a fraud by purposefully misdirecting documentation intended for Plaintiff and the Superior Court of the District of Columbia;

14

k. making intentionally mendacious claims, assertions and statements in documents submitted to the Superior Court of the District of Columbia, to the US Bankruptcy Court for the District of Maryland, to Plaintiff, and to Plaintiff's Counsel;

l. enrich Ward and others of that enterprise and the Cobblestone enterprise through more than approximately seventy thousand dollars ($70,000) of attorneys' fees for Ward and over seven hundred thousand dollars ($700,000) for Cobblestone claimed in the Lawsuits;

m. increase the size of legal fees to be awarded them by misrepresenting their clients losses to the courts; and

n. file motions, certificates, and other documentation misleading by their nature as a result of numerous discrepancies ranging from unsigned forms, receipts for/claims of expenditures by Ward and / or Cobblestone that they knew were not made, to motions intentionally written to hide from the Superior Court of the District of Columbia the prohibition in Federal law of his and his clients' efforts to obtain relief being sought by Defendants Atkins, Samuels, and Cobblestone from that Court.[1]

47.  The mail fraud, wire fraud, and commercial bribery committed by defendants form a pattern of racketeering activity through a criminal enterprise under 18 U.S.C. § 1961(5).

48.  All racketeering activity described above in paragraph 46 is directly related to the racketeering enterprise Ward.

---

[1] The Honorable Judge Judith M. Retchin, of the Superior Court of the District of Columbia, in fact denied one of the above-mentioned fraudulent motions.

49. All racketeering activity described above is part of the nexus of the affairs and functions of the racketeering enterprises of Ward, Cobblestone, Kuder, and NPCC.

50. The Defendant Schoenfeld was able to commit the racketeering activities by virtue of his position in, association with, or his involvement in or control over the affairs of Ward & Klein Chartered.

51. The racketeering activities began in or about 2005 and the pattern of racketeering activity is open-ended.

52. Defendants Schoenfeld's, Ward's, Kuder's, and NPCC's, racketeering activities constitute their regular way of doing business.

53. Were in not for Defendants' separate and collective fraudulent conduct, Plaintiff would have been able to continue in his profession, earn income, receive full payment for services rendered to Defendants Atkins and Samuels, receive higher Social Security retirement benefits, enjoy the use of funds set aside as a consequence of bankruptcy proceedings necessitated by Defendants' fraudulent conduct, and avoid payment of legal and other fees to cover the costs of defending himself in the lawsuits.

54. As a result of their violation, Plaintiff was damaged in an amount not less than two hundred fifty five thousand dollars ($255,000) but not yet fully ascertained.

## COUNT TWO
## (Violations of 18 USC § 1962 (a))

55.  Plaintiff repeats and realleges each of the
allegations set forth in paragraphs 1 through 10 and paragraphs
29 through 53  above as if set forth herein in full.

56.  18 USC § 1962 (a) proscribes the following conduct:

It shall be unlawful for any person who has received
any income derived, directly or indirectly, from a
pattern of racketeering activity or through collection
of an unlawful debt in which such person has
participated as a principal within the meaning of
section 2, title 18, United States Code, to use or
invest, directly or indirectly, any part of such
income, or the proceeds of such income, in acquisition
of any interest in, or the establishment or operation
of, any enterprise which is engaged in, or the
activities of which affect, interstate or foreign
commerce.

57.  Pursuant to 18 U.S.C. § 1964, any person or
corporation injured in its business or property by reason of a
violation of 18 U. S. C. § 1962 may recover threefold the actual
damages, plus the costs of the suit, including reasonable
attorneys fees.

58.  From 2005 onward, the individual defendants received
income derived, directly or indirectly, from a pattern of
racketeering activity, consisting of the acts of racketeering
described in paragraphs 1 through 10 and paragraphs 29 through
53 above, and unlawfully, willfully and knowingly used or
invested, directly or indirectly, part of such income, or the
proceeds of such income, in the acquisition of an interest in
and/or the establishment or operation of Cobblestone and / or

17

Ward which enterprises engaged in and the activities of which affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1962(a).

59.    Pursuant to 18 U.S.C. § 1964, any person or corporation injured in its business or property by reason of a violation of 18 U. S. C. § 1962 may recover threefold the actual damages, plus the costs of the suit, including reasonable attorneys fees.

60.    From 2005 onward, the individual defendants received income derived, directly or indirectly, from a pattern of racketeering activity, consisting of the acts of racketeering described in paragraphs 1 through 10, paragraphs 29 through 53 above, and unlawfully, willfully and knowingly used or invested, directly or indirectly, part of such income, or the proceeds of such income, in the acquisition of an interest in and/or the establishment or operation of Cobblestone and / or Ward which enterprises engaged in and the activities of which affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1962(a).

### COUNT THREE
### (Violations of 18 U.S.C. § 1962(b))

61.    Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 10, paragraphs 29 through 53, and paragraphs 58 through 60 above as if set forth herein.

62.  18 U.S.C. § 1962(b) proscribes the following conduct:

It shall be unlawful for any person through a pattern
of racketeering activity to acquire or maintain,
directly or indirectly, any interest in or control of
any enterprise which is engaged in, or the activities
of which affect, interstate or foreign commerce.

63.  Pursuant to 18 U.S.C. § 1964, any person or

corporation injured in its business or property by reason of a

violation of 18 U. S. C. § 1962 (b) may recover threefold the

actual damages, plus the costs of the suit, including reasonable

attorneys fees.

64.  From 2005 onwards, the individual defendants

unlawfully, willfully and knowingly acquired and / or

maintained, directly and indirectly, an interest in and control

of Cobblestone and / or Ward and / or NPCC which enterprises

engaged in and the activities of which affected interstate and

foreign commerce, through a pattern of racketeering activity,

consisting of the acts of racketeering described in paragraphs 1

through 10, paragraphs 29 through 53, and paragraphs 58 through

60 above, in violation of Title 18, United States Code, Section

1962 (b).

## COUNT FOUR
### (Breach of Fiduciary Duties)

65.  Plaintiff repeats and realleges each of the

allegations set forth in paragraphs 1 through 10, paragraphs 29

through 53, paragraphs 58 through 60, and paragraphs 63-64 above

as if set forth herein.

66.  As counsel to Cobblestone, Atkins and Samuels, and as Officer of the Court in the Superior Court of the District of Columbia and Federal bankruptcy lawsuits herein referenced, Defendants Ward, Schoenfeld, Kuder and Peterson owed their clients certain fiduciary duties.

67.  These Defendants breached that obligation by:

a. filing false documents with the court;

b. causing its clients to make false statements;

c. violating rules of the District of Columbia Rules of Professional Conduct;

d. violating Rules 5 and 11 of the Federal Rules of Civil Procedure

e. violating equivalent Rules 5 and 11 of the Superior Court of the District of Columbia

68.  As a result of these Defendants' conduct, Plaintiff was damaged.

## CONCLUSION

69.  The misconduct by Ward, Cobblestone, NPCC, and Kuder, and the individual defendants make all defendants improper recipients of fees for and / or judgment awards and / or settlement amounts from Plaintiff for the handling and / or settlement of the cases involved in this complaint, require that they disgorge any such fees and awards improperly received, and that those funds be repaid to Plaintiff.

20

WHEREFORE , Plaintiff demands judgment against Defendants as follows:

A. awarding to the Plaintiff treble damages as a result of Defendants' violations of the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.;

B. awarding to the Plaintiff damages as a result of Defendants' actions in violation of the automatic stay provisions of the US Bankruptcy Code;

C. awarding to the Plaintiff damages as a result of Defendants' breach of fiduciary duties;

D. awarding to the Plaintiff damages as a result of Defendants' fraud;

E. awarding to the Plaintiff prejudgment and post-judgment interest at the lawful rate;

F. awarding to Plaintiff the costs and disbursements of this action, including reasonable attorneys fees, and

*(rest of page intentionally blank)*

G. for any other and further relief this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

October 22, 2007
Bethesda. Maryland

Respectfully submitted by:

_____
Clifford L. Brody
*pro se*

4914 Crescent Street
Bethesda, Maryland 20816-1702
Home        301-320-3262
Cell        202-213-3076
Email       clbrody@verizon.net

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

## WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are <u>not</u> foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

## WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99

Rev. 4/06

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

# INITIAL ELECTRONIC CASE FILING ORDER

Subsequent filings in this case must be made electronically using the Court's Electronic Case Filing System (ECF) pursuant to Local Rule 5.4.

ORDERED that counsel shall:

- Submit in paper, the original and copy of the complaint/notice of removal/petitions for habeas corpus and any accompanying papers (**not including summons and civil cover sheets**). Additionally, litigants are hereby required to provide those filings in PDF Format on a floppy disk or CD-Rom compact disk. The disk should be clearly labeled with the case number (if known) and the name of the parties. If unable to deliver the filing on a disk at the time of the new case filing, counsel should e-mail the initiating document and accompanying papers to dcd_cmecf@dcd.uscourts.gov by the close of business the day the new case was filed. Failure to supply electronic copies of the new case in a timely manner, will result in the attorney's name being added to the attorney non-compliant list and shared with the Court's ECF Judge's Committee. **Regardless of what option counsel chooses, the complaint/notice** of removal and accompanying papers must come to the Court as PDF documents. Each exhibit to the new case shall be in a separate PDF file. Failure to submit PDF versions of the complaint/notice of removal and other documents will delay the opening of the case in ECF.

- Register, if not previously registered, to become an electronic filer by completing and returning the enclosed ECF Registration Form found on the Court's Website at (www.dcd.uscourts.gov). The login and password are case specific and can be used for all cases.

- **Make all subsequent filings electronically. This is <u>mandatory</u>.**

- Have a PACER (Public Access to Court Electronic Records) account, in order to view dockets and documents. Call 1-800-676-6856 or visit www.pacer.psc.uscourts.gov for additional information.

- Schedule a training class at the Courthouse by going to the Court's ECF Internet Website (www.dcd.uscourts.gov/ecf.html). Also, filing instructions and an interactive tutorial can be found at this Internet Website.

COLLYER, J. RMC

_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### ELECTRONIC CASE FILES
### Attorney/Participant Registration Form

## LIVE SYSTEM

This form shall be used to register for an account on the Court's Electronic Case Files (ECF) system and to subscribe to the ECF EMail (Listserver) notification service. Registered attorneys and other participants will have privileges both to electronically submit documents, and to view and retrieve electronic docket sheets and documents for all cases assigned to the Electronic Case Files system. Listserver subscribers receive email messages whenever the Court wishes to electronically notify ECF registrants of pertinent ECF information.

The following information is required for registration:

If you are appointed pro bono or pro hac vice, please provide the case number: _____

First Name/Middle Initial/Last Name _____ ____ _____

Last four digits of Social Security Number _____

DC Bar ID#: _____

Firm Name _____

Firm Address _____

_____

_____

Voice Phone Number _____

FAX Phone Number _____

Internet E-Mail Address _____

By submitting this registration form, the undersigned agrees to abide by the following rules:

1.   This system is for use only in cases permitted by the *U.S. District Court for the District of Columbia.* It may be used to file and view electronic documents, docket sheets, and notices. Please visit the Court's ECF Internet, www.dcd.uscourts.gov, website to schedule training.

2.   Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion, and other paper (except list, schedules, statements or amendments thereto) shall be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers shall be signed by the party. An attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney's/participant's signature. Therefore, an attorney/participant must protect and secure the password issued by the court.

Rev. 4/06

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

# INITIAL ELECTRONIC CASE FILING ORDER

Subsequent filings in this case must be made electronically using the Court's Electronic Case Filing System (ECF) pursuant to Local Rule 5.4.

ORDERED that counsel shall:

- Submit in paper, the original and copy of the complaint/notice of removal/petitions for habeas corpus and any accompanying papers (**not including summons and civil cover sheets**). Additionally, litigants are hereby required to provide those filings in PDF Format on a floppy disk or CD-Rom compact disk. The disk should be clearly labeled with the case number (if known) and the name of the parties. If unable to deliver the filing on a disk at the time of the new case filing, counsel should e-mail the initiating document and accompanying papers to dcd_cmecf@dcd.uscourts.gov by the close of business the day the new case was filed. Failure to supply electronic copies of the new case in a timely manner, will result in the attorney's name being added to the attorney non-compliant list and shared with the Court's ECF Judge's Committee. **Regardless of what option counsel chooses, the complaint/notice** of removal and accompanying papers must come to the Court as PDF documents. Each exhibit to the new case shall be in a separate PDF file. Failure to submit PDF versions of the complaint/notice of removal and other documents will delay the opening of the case in ECF.

- Register, if not previously registered, to become an electronic filer by completing and returning the enclosed ECF Registration Form found on the Court's Website at (www.dcd.uscourts.gov). The login and password are case specific and can be used for all cases.

- **Make all subsequent filings electronically. This is <u>mandatory</u>.**

- Have a PACER (Public Access to Court Electronic Records) account, in order to view dockets and documents. Call 1-800-676-6856 or visit www.pacer.psc.uscourts.gov for additional information.

- Schedule a training class at the Courthouse by going to the Court's ECF Internet Website (www.dcd.uscourts.gov/ecf.html). Also, filing instructions and an interactive tutorial can be found at this Internet Website.

COLLYER, J. RMC

_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### ELECTRONIC CASE FILES
### Attorney/Participant Registration Form

## LIVE SYSTEM

This form shall be used to register for an account on the Court's Electronic Case Files (ECF) system and to subscribe to the ECF EMail (Listserver) notification service. Registered attorneys and other participants will have privileges both to electronically submit documents, and to view and retrieve electronic docket sheets and documents for all cases assigned to the Electronic Case Files system. Listserver subscribers receive email messages whenever the Court wishes to electronically notify ECF registrants of pertinent ECF information.

The following information is required for registration:

If you are appointed pro bono or pro hac vice, please provide the case number: _____

First Name/Middle Initial/Last Name _____ ____ _____

Last four digits of Social Security Number _____

DC Bar ID#: _____

Firm Name _____

Firm Address _____

_____

_____

Voice Phone Number _____

FAX Phone Number _____

Internet E-Mail Address _____

By submitting this registration form, the undersigned agrees to abide by the following rules:

1. This system is for use only in cases permitted by the *U.S. District Court for the District of Columbia.* It may be used to file and view electronic documents, docket sheets, and notices. Please visit the Court's ECF Internet, www.dcd.uscourts.gov, website to schedule training.

2. Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion, and other paper (except list, schedules, statements or amendments thereto) shall be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers shall be signed by the party. An attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney's/participant's signature. Therefore, an attorney/participant must protect and secure the password issued by the court.

If there is any reason to suspect the password has been compromised in any way, it is the duty and responsibility of the attorney/participant to immediately notify the court. This should include the resignation or reassignment of the person with authority to use the password. The Court will immediately delete that password from the electronic filing system and issue a new password.

3.    An attorney's/participant's registration will not waive conventional service of a summons and complaint, subpoena, or other judicial process; submit the client to the jurisdiction of the Court; or operate as a consent to accept service of pleadings, documents, and orders in actions in which such attorney/participant has not entered an appearance.    An attorney's/participant's registration will constitute a waiver in law only of conventional service of other non-process pleadings, documents, and orders in the case.    The attorney/participant agrees to accept, on behalf of the client, service of notice of the electronic filing by hand, facsimile or authorized e-mail.

4.    Upon receipt of your login and password, you are strongly encouraged to change your password, which may be done through the Utilities function, to a name easily recalled. **You may be subjected to a fee, should the Clerk's Office have to create a new password for you, or alternatively,  you may be required to appear in person to receive your new password.**

5.    Attorneys who are active members of the bar of this Court, or government attorneys who are employed or retained by the United States, or who have been permitted to proceed *pro hac vice*, must file pleadings electronically.

Please return this form to:           U.S. District Court for the District of Columbia
                                      Attn:   Attorney Admissions
                                      333 Constitution Avenue NW, Room 1825
                                      Washington, DC  20001

Or FAX to:                            Peggy Trainum
                                      U.S. District Court for the District of Columbia
                                      (202) 354-3023

Applicant's Signature    _____


_____        _____        _____
Full Last Name                 Initial of     Last 4 Digits SS#
                               First Name

United States Bankruptcy Court
District of Maryland

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United States
Bankruptcy Code, entered on 02/14/2007 at 5:00 PM
and filed on 02/14/2007.

**Clifford L. Brody**
4914 Crescent Street
Bethesda, MD 20816
SSN: xxx-xx-9250
*dba*
**The Finishing Touch**



The case was filed by the debtor's attorney:

**Michael R. Murphey**
1320 19th Street, N.W.
Suite #202
Washington, DC 20036
(202) 659-8611

The bankruptcy trustee is:

**Nancy L Spencer Grigsby**

P.O. Box 958
Bowie, MD 20718
(301) 805-4700

The case was assigned case number 07-11415 to Judge Thomas J. Catliota.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Mark D. Sammons**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 10/25/2007 10:26:19 |

United States Bankruptcy Court
District of Maryland

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 02/14/2007 at 5:00 PM and filed on 02/14/2007.

**Clifford L. Brody**
4914 Crescent Street
Bethesda, MD 20816
SSN: xxx-xx-9250
*dba*
**The Finishing Touch**

The case was filed by the debtor's attorney:       The bankruptcy trustee is:

**Michael R. Murphey**                              **Nancy L Spencer Grigsby**
1320 19th Street, N.W.
Suite #202                                          P.O. Box 958
Washington, DC 20036                                Bowie, MD 20718
(202) 659-8611                                      (301) 805-4700

The case was assigned case number 07-11415 to Judge Thomas J. Catliota.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Mark D. Sammons**
**Clerk, U.S. Bankruptcy**
**Court**

| PACER Service Center |
|:---:|
| **Transaction Receipt** |
| 10/25/2007 10:26:19 |

| PACER Login: | jh0178 | Client Code: | atkins |
|---|---|---|---|
| Description: | Notice of Filing | Search Criteria: | 07-11415 |
| Billable Pages: | 1 | Cost: | 0.08 |