UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLIFFORD L. BRODY<br><br>       Plaintiff<br>       *pro se*<br>v.<br><br>RICHARD ATKINS, CYNTHIA SAMUELS,<br>COBBLESTONE ASSOCIATES LLP,<br>DAVID M. SCHOENFELD,<br>WARD & KLEIN CHARTERED,<br>KATHRINA PETERSEN,<br>KUDER, SMOLLAR & FRIEDMAN, P.C.,<br>NATIONAL PROSTATE CANCER<br>COALITION,<br><br>       Defendants | CA 1:07-cv-01899-RMC<br>District for District of Columbia<br><br>*Related Case*:<br>Chapter 13: 07-11415-TJC<br>Southern District of Maryland<br><br>*Related Case*:<br>Adversary Proceeding 07-00902<br>Southern District of Maryland |

**PLAINTIFF'S RESPONSE TO AND
MOTION TO QUASH NOTICE OF REMOVAL**

COMES NOW Plaintiff Clifford L. Brody before the District of Columbia Federal District Court with a Motion to Quash the Notice of Removal ("Notice") submitted on November 5, 2007 to this Court under Praecipe, and to the Federal District Court for the Southern District of Maryland, by Defendants Richard Atkins ("Atkins"), Cynthia Samuels ("Samuels"), Cobblestone Associates LLP ("Cobblestone"), David Schoenfeld ("Schoenfeld") , and Ward & Klein, Chartered ("Ward") (collectively referred to within this document as "Movants").

RECEIVED
NOV 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

In their Notice, Movants seek to remove from this Court to the Federal District Court for the Southern District of Maryland the civil RICO complaint, 1:07-cv-01899-RMC filed by Plaintiff on October 22, 2007 with this Court.

There is no basis either in law, precedent, or fact to allow for removal such as Movants have requested. Underlying federal statutes clearly do not allow for such a removal, overwhelming precedent established by federal courts and the Supreme Court confirm no basis for removal, and there is no fact or circumstance attendant to this case that argues otherwise.[1]

Plaintiff also respectfully asks the Court to order such remedies as it may deem appropriate if it agrees, as is presented below, that Movants purposefully have done harm to this Court as well as Plaintiff in improperly attempting to "forum shop" in violation of law, precedent, and established Federal Rules of Civil Procedure.

## NEITHER FEDERAL LAW NOR ESTABLISHED PRECEDENT ALLOWS FOR REMOVAL AS SOUGHT BY MOVANTS.

1. Movants have not satisfied any statutory, procedural, or precedential criteria that would support a virtually unprecedented call for removal of Plaintiff's RICO filing from the Federal District Court for the District of Columbia to Federal District Court for the Southern District of Maryland. They instead appear to be inventing new law to fit with their goal of improperly preventing the orderly administration of justice at the Federal District Court for the District of Columbia.

2. Notwithstanding Movants' wholly fanciful and likewise wholly unsubstantiated construct[2] that a civil RICO complaint properly filed in federal court is in reality a counterclaim

---

[1] Out of an abundance of caution, Plaintiff is submitting this same filing, with appropriate changes in the heading and title only, to the Federal District Court for the Southern District of Maryland, since Plaintiff does not know at this time whether removal to that court has taken place and since Movants have initiated an Adversary Proceeding challenging the civil RICO complaint in that venue.

[2] See ¶3, Notice of Removal

related to a matter arising out of a DC Superior Court proceeding or Chapter 13 filing, Movants in fact have not cited any authority in federal law that foresees, no less would call for or justify, the removal of a civil RICO complaint properly filed in and accepted by the *federal* court where it *must* be filed, to any other court.

3. Provisions of the US code that speak to removal (e.g. 28 USC 1331; 1332; 1335, 1441) relate solely to disputes initially brought before a state court. They do not authorize or even anticipate removal from one federal court to another.

4. 28 USC 1332, in establishing the legal framework for removal, does so with specific reference to the removal from a *state* court to a federal court, and then only to resolve issues arising either from:

    a. the existence of a federal question that properly should not be brought before a state court, or

    b. the parties to a given case having "diverse" [state] citizenship.

5. The venue provisions with regard to filing a civil RICO complaint are clear on their face, namely that "…any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs (18 USC § 1965(a) Venue and Process). All Defendants named in that RICO Complaint ("RICO Defendants"), including Movants, are residents of, have agents in, or practice their professions in the District of Columbia.

6. Movants know, or should know as a result of their legal training or advice from their legal counsel, that a RICO filing is a federal question, and that with respect to this criterion, Plaintiff's filing of his Complaint at the US District Court for the District of Columbia was with a federal court, not a state court, and was correctly filed with that court.

7. Movants likewise explicitly know that there is no diversity issue whatsoever raised by Plaintiff's filing of the RICO filing with the US District Court for the District of Columbia, since:

   a. the illegal racketeering actions of the RICO Defendants presented in considerable detail in the RICO filing (notwithstanding Defendants' claims to the contrary[3] in their Notice), took place in the District of Columbia,

   b. all RICO Defendants live and /or practice their professions in the District of Columbia, and

   c. the RICO filing is properly heard by the US District Court for the District of Columbia.

8. More importantly, the inappropriate forum shopping intrinsic to the Movants' Notice is precisely the type of practice conclusively proscribed by the decision in Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). The Supreme Court's decision in that case put an end to the common practice of federal courts, over the preceding 100+ years, of creating federal common law in the absence of specific controlling state law.

9. On their face, Movants' arguments are a blatant attempt to ask the Court to create such common law, for example by presenting specious and absurd assertions that Plaintiff's RICO Complaint amounts to counterclaims against some parties who in fact have never filed any claims against Plaintiff.

10. Plaintiff's RICO Complaint in fact is wholly a *federal* question anchored in the substantive and substantial activities by the RICO Defendants. No matter how those activities may or may not relate to events related to any other case before any other court, they are

---

[3] ¶5, Movants' Notice reads in part: "Debtor points to no misrepresentation, no false statement, no misleading evidence, no conspiratorial act to support or sustain the RICO Action"

explicitly proscribed by and actionable as a result of federal RICO statutes. Indeed, RICO statutes make clear that these are not "either-or" matters to be taken up in one court *or* another but rather can and should be taken up separately and apart in the RICO context.

11. Likewise, Movants' Notice is wholly inconsistent with the so-called Hanna tests. In Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136 (1965), the issue was whether federal rules on service of process[4] should yield to state rules. Hanna announces a two-part test, put simply:

   a. if there is a valid Federal Rule on the subject, the rule is to be applied.

   b. in the absence of a federal rule on the point the [federal] court is to consider the problem in light of the twin aims of the Erie rule:

      i. discourage forum shopping and

      ii. avoid inequitable administration of laws.

12. Other precedential decisions apply in this matter as well:

   a. Richardson v Phillip Morris Inc., D.Md 1997, 950 F.Supp. 700: Entire body of precedent for removal and remand points to the necessity of remanding to [state] court;

   b. Rettig v Arlington Heights Federal Sav. & Loan Assn ND Ill 1975, 405 F.Supp. 819: In order to obtain removal, the controversy generally must be disclosed on the face of the complaint, *unaided by defendant's answer or petition for removal* (emphasis added);

   c. Griffen v Hooper-Holmes MD Fla 1976 413 FSupp 107: Crowded court calendar not grounds for removal.

---

[4] Plaintiff is aware that Movants' Notice does not explicitly take up the question of service of process but notes that it does so by implication.

## MOVANTS HAVE FAILED TO MEET THE CONSENT REQUIREMENTS ATTENDANT TO REMOVAL

13. Any attempt to remove a case from one court to another, absent conformance to all consent requirements set forth in 28 USC 1404, should be rejected.

14. Movants, and certainly Defendants' Schoenfeld and Ward, know or have reason to know that 28 USC 1404 requires that all defendants must either sign or join in the notice of removal by filing some type of separate written consent.[5]

15. Movants know that they have not met this requirement, and that it is not sufficient for the removal notice merely to represent that all defendants consent.

16. The substantial body of decisions and precedent flowing from adjudicating the meaning of §1404 points to, among other factors, the consent requirements as a common-sense first and basic step to preclude disagreements among Defendants as to whether, where, and how a case, once removed, is adjudicated[6].

17. Movants and others of the RICO Defendants have already demonstrated profound substantive disagreement on core issues related to Plaintiff's RICO Complaint[7].

## THERE IS NO STATUTE, LAW, OR PRECEDENT REQUIRING PLAINTIFF TO FILE A RICO COMPLAINT AS A CHAPTER 13 COUNTERCLAIM AS MOVANTS ASSERT.

18. Matters taken up in the RICO filing had and have nothing whatsoever to do with the substance of any of Atkins', Samuels', or Cobblestone' claims in the Superior Court case or their claims as filed in the Chapter 13 proceeding to which Movants refer in their Notice.

---

[5] see for example: Bernstein v Lind-Waldock & Co CA 7 (IL) 1984 738 F2nd 179;, Lapoint v MidAtlantic Settlement Services Inc DDC 2003 256 FSupp 2d 1; Chaghervand v Carefirst D.MD 1995, 909 F.Supp. 304.
[6] Rodrigues v Union Oil Co of Cal S.D. Cal 1954, 121 F.Supp. 824: All defendants must consent even if questions of service exist.
[7] Movants fundamentally disagree with others among the RICO Defendants, for example, as to whether the RICO Complaint is a "core proceeding"; see Movants' Notice and separate Motion to Dismiss ("Kuder Motion") filed by RICO Defendants Kuder, Smollar and Friedman PC and Kathrina Peterson. Plaintiff will respond separately to the Kuder Motion within the time prescribed in such matters.

19. The RICO filing relates to serial illegal racketeering activities by Movants and other named parties not figuring at all in plaintiff claims either the Superior Court case or the Chapter 13 filing.

20. Though Movants would have this Court believe otherwise, Plaintiff is not obliged by 28 USC 1409 to file or pursue a civil RICO complaint in Bankruptcy Court merely because a Chapter 13 proceeding may involve some (but not all) parties also named in that RICO Complaint. Nor does § 1409 foresee a requirement that a person filing for Chapter 13 protection is somehow obliged to turn to the bankruptcy court for adjudication of matters unrelated to any creditor claim against his estate.

### MOVANTS' NOTICE CONFIRMS UNMISTAKEABLE CONFLICT OF INTEREST DISQUALIFING DEFENDANTS SCHOENFELD AND WARD FROM REPRESENTING ANY OTHER DEFENDANT IN THE RICO COMPLAINT, INCLUDING MATTERS RELATED TO REMOVAL.

21. Movants' submission of the Notice by "...Movants Richard Atkins, Cynthia Samuels, Cobblestone Associates, LLC; by and through counsel, David M. Schoenfeld, John C. Hanrahan, and Ward & Klein, Chartered..." confirms the explicit conflict of interest between, on the one hand, Atkins, Samuels, and Cobblestone, and, on the other, Schoenfeld and Ward itself with regard to the RICO Complaint.

22. Leaving aside the wholly speculative and unsubstantiated statement by Movants in their Notice that Plaintiff Brody is seeking to "conflict" any party from its chosen counsel in the Chapter 13 or Superior Court of the District of Columbia proceeding[8], it is well within this Court's authority, as defined by long-established law and precedent, to determine the existence of, and put an end to, the fundamental conflict of interest that exists in any instance where

---

[8] ¶5, Movants' Notice reads in part: "...Debtor likely filed the frivolous RICO Action in an effort to harass the Movants, and possibly in an effort to "conflict" the undersigned from the bankruptcy action, effectively depriving them of counsel and/or unnecessarily driving up Richard Atkins' and Cynthia Samuels' costs..."

Schoenfeld and Ward, themselves Defendants in the RICO complaint, submit in any federal venue a filing, declaration, praecipe, notice (including the Notice), or any other form of communication on behalf of any other Defendant named in that Complaint.

23. Whether Atkins, Samuels, and Cobblestone as Schoenfeld's and Ward's clients may have agreed to waive the potential for any conflict (a factor not known to Plaintiff at this time) is of no consequence, nor is it required that there be proof that an actual conflict of interest exists. All relevant law, regulation, court rules, and applicable Codes of Professional Conduct point to the _potential_ for such conflicts _and_ the necessity to prevent that _potential_ from being realized

24. Likewise, ample precedent at the federal level specifies what steps need to be taken, e.g. for counsel to withdraw from representation, in order to resolve such conflicts when the potential is present (see e.g. Estate of Heiser v. Islamic Republic of Iran, 466 F.Supp.2d 229 D.D.C. 12/22/2006).

25. As recently as March, 2007 in the US District Court for the District of Columbia, rulings have obtained that that "…information regarding a potential conflict of interest will be relevant to the trial court's determination of the applicable standard of review." (Wagener, Champoux et. al. v SBC Pension, 2007.DDC.0000216)

26. Earlier rulings likewise emphasize the pre-emptive steps that the Court can and should take to preclude conflicts of interest from arising _before_ they actually occur and adversely affect one or more parties. Substantial discretion accrues to the Court to "…envisage scenarios…" during the course of future trial proceedings and to prevent such conflicts from arising (see e.g. First American Corp. v. Sheikh Zayed Bin Sultan Al, 17 F. Supp. 2d 10 D.D.C. 08/13/1998; United States v. Childress, 731 F. Supp. 547 D.D.C. 03/1/1990[9]).

---

[9] Although the facts of the Childress case are fundamentally different from the present matter, the scope of Judge Richey's language in the Childress case is broad and particularly illustrative of the legitimacy of the Court's

27. Notably, the Court deciding the Childress case referred explicitly to Wheat v. United States, 108 S. Ct. 1692, 486 U.S. 153 (U.S. 05/23/1988), in which Justice Rehnquist stated in part:

> Unfortunately for all concerned, a district court must pass on the issue whether or not to allow a waiver of a conflict of interest ... not with the wisdom of hindsight after the trial has taken place, but in the murkier pretrial context when relationships between parties are seen through a glass, darkly. The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials. It is a rare attorney who will be fortunate enough to learn the entire truth from his own client, much less be fully apprised before trial of what each of the Government's witnesses will say on the stand. A few bits of unforeseen testimony or a single previously unknown or unnoticed document may significantly shift the relationship between multiple defendants. These imponderables are difficult enough for a lawyer to assess, and even more difficult to convey by way of explanation to a criminal defendant untutored in the niceties of legal ethics. *Nor is it amiss to observe that the willingness of an attorney to obtain such waivers from his clients may bear an inverse relation to the care with which he conveys all the necessary information to them.* (emphasis added)
>
> For these reasons we think the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses. In the circumstances of this case, with the motion for substitution of counsel made so close to the time of trial, the District Court relied on instinct and judgment based on experience in making its decision. We do not think it can be said that the court exceeded the broad latitude which must be accorded it in making this decision.

28. A situation such as anticipated by a full and fair hearing of the RICO Complaint, in which Defendants Schoenfeld and Ward may be found to have acted illegally with or without the consent of their clients Atkins, Samuels, and Cobblestone clearly creates the potential for pitting

---

anticipating and then precluding even the hint of such conflicts by requiring counsel to withdraw or be replaced: "...the Court can envision at least two scenarios arising during the course of the trial in which Mr. Rochon would have to choose between the two ethical duties of defending Ms. Perry zealously within the bounds of the law, see Code Canon 7; DR 7-101; DR 7-102; accord D.C. Rules 1.3, and not revealing confidential information obtained from H. S., Jr...." " ... While other conflicts may arise, these scenarios demonstrate how this *potential* (emphasis added) conflict of interest could become real and very problematic during the course of this trial. Moreover, the Court is satisfied that the possibility of such a conflict arising is neither fanciful nor minimal..." "...Nor is it improper for this Court to disqualify Mr. Rochon merely because it cannot predict with certainty whether this potential conflict of interest will become a full-blown conflict during trial..."

the interests of some of the Defendants against others, namely Schoenfeld and Ward against Atkins, Samuels, and Cobblestone.

### NO FACT, LAW, OR PRECEDENT POINTS TO PLAINTIFF'S RICO COMPLAINT AS A COUNTERCLAIM AGAINST THE ESTATE OF ANY PERSON FILING A CLAIM AGAINST PLAINTIFF'S ESTATE

29. Movants have asserted that matters taken up in the RICO Complaint amount to a counterclaim against one or more parties to a separate matter before the Superior Court of the District of Columbia. In doing so, they have intentionally withheld from this Court their knowledge that, consistent with the rules of the DC Superior Court, Brody as Defendant in the Superior Court case in fact presented a specific counterclaim based on the specific contract dispute brought to the Superior Court of the District of Columbia by Plaintiffs Atkins et al.

30. Likewise, in their Notice, Movants assert without basis in law or fact that Plaintiff's RICO Complaint is a counterclaim against the estate of Defendants Atkins, Samuels, and Cobblestone arising from Plaintiff's Chapter 13 filing, in which those Defendants have filed a claim against Plaintiff's estate.

31. Movants know, or should know, that one of the fundamental characteristics of any counterclaim is that it is filed in response to a plaintiff's complaint to assert that it was the plaintiff -- not the defendant -- who committed the legal wrongs specified in a plaintiff's original complaint, and that as a result it is the defendant who is entitled to money damages or other relief based on the same set of circumstances.

32. Movants are plainly aware that in contrast to this criterion, Plaintiff's RICO Complaint seeks adjudication regarding illegal actions by the RICO Defendants listed therein that:

   a. are not at all the events specified by Atkins, Samuels, or Cobblestone in their original complaint submitted to the Superior Court of the District of Columbia,

   b. could not have possibly been anticipated by any party to that original Superior Court complaint, and

   c. identify actions by persons who in no way were parties to or involved in the events set forth in the original Superior Court complaint.

33. Movants also know as fact that with the exception of Atkins, Samuels, and Cobblestone, none of the Defendants named in the RICO filing have ever filed any claim whatsoever with respect to the Plaintiff's (Debtor's) estate.

34. Movants know, or should know, that the provisions of Federal Rules of Civil Procedure (FRCP) Rule 13 (a) through (c) (Counterclaim and Cross Claim) are for the most part permissive rather than directive, and that even in cases of a compulsory counterclaim, a counterclaim is to be made only "…if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and "*and does not require for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction.*" (emphasis added). The equivalent DC Superior Court Rule 13 sections unequivocally echo these conditions and in addition emphasize their applicability in matters where that court has no jurisdiction. That court does not have, nor does it seek, jurisdiction in federal Civil RICO complaints.

### MOVANTS' CLAIMS THAT PLAINTIFF'S RICO COMPLAINT IS "FRIVOLOUS" AND "LIKELY" TO RESULT FROM ONE OR ANOTHER FACTOR IS WHOLLY WITHOUT FOUNDATION IN FACT, NOR ARE THEY SUPPORTED BY EVIDENCE

35. Movants' assertion in ¶5 of their Notice is entirely speculative in nature, that Plaintiff "likely" filed the RICO Complaint to harass Movants, has filed the RICO Complaint as a "desperate attempt" to achieve something, and has filed the RICO Complaint to "conflict"

11

anyone from any bankruptcy action. Notably, Movants have not presented any evidence to support their indeed quite frivolous assertions.

36. Movants know, or should know, that all provisions of FRCP Rule 8 (General Rules of Pleading) require that an initial claim be "short and plain" rather than conclusive in all regards, and in no sense require that a given complaint naming parties must include *ab initio* all conclusive evidence confirming the initial claim(s).

37. Movants clearly know, or should know, that the FRCP establishes procedures that specify, after a complaint is filed,

  a. when and how parties are to furnish and determine the existence and validity of such evidence, some of which may result from discovery, interrogatories, depositions, and the like that can only take place after the initial responses are filed in response to the complaint,

  b. when and how, barring removal to another venue, the court of original jurisdiction is the proper venue for decisions relating to the validity of any assertions made by any of the involved parties, and

  c. all questions arising in the court where the RICO Complaint has been filed and accepted should be resolved in that venue.

38. Plaintiff notes that Defendants named in the RICO Complaint have not responded to the initial Complaint within the period prescribed by law and the FRCP.

**WHEREFORE,** Plaintiff prays that, for all of the foregoing reasons, the Notice submitted by Movants together with any filings submitted by any RICO Defendants on the basis thereof, be quashed and / or rejected, that the RICO Defendants be ordered to respond to the RICO Complaint without any further delay whatsoever, that in the event the RICO Complaint has been transferred from the US District Court for the District of Columbia to the US District Court for the Southern District of Maryland, it be returned to the jurisdiction of the US District Court for the District of Columbia to be heard there as originally assigned, and that Movants be sanctioned for their efforts to forum shop as the Court deems appropriate.

Bethesda, Maryland
November 19, 2007

Respectfully submitted by:

Clifford L. Brody
*pro se*

Clifford L. Brody
4914 Crescent Street
Bethesda, Maryland 20816-1702
Home   301-320-3262
Cell      202-213-3076
Email   clbrody@verizon.net

## AFFIRMATION

I, Clifford L. Brody, solemnly swear or affirm under criminal penalties for the making of a false statement that I have read the foregoing Motion and that the factual statements made in it are true and correct to the best of my personal knowledge, information and belief.

Nov 19, 2007
Date

Clifford L. Brody

Copies to:

Richard Atkins
7612 14th Street NW
Washington DC 20012

Cynthia Samuels
7612 14th Street NW
Washington DC 20012

Cobblestone Associates LLP
c/o Richard Atkins
7612 14th Street NW
Washington DC 20012

David Schoenfeld
c/o Ward & Klein, Chartered
2275 Research Blvd., Suite 720
Rockville, MD 20850

Nancy L. Spencer-Grigsby
POB 958
Bowie, MD 20718

Ward & Klein, Chartered
2275 Research Blvd., Suite 720
Rockville, MD 20850

Kathrina Peterson
Kuder, Smollar & Friedman, P.C.
1350 Connecticut Avenue, NW Suite 600,
Washington, District of Columbia 20036

Kuder, Smollar & Friedman, P.C.
1350 Connecticut Avenue, NW Suite 600,
Washington, District of Columbia 20036

National Prostate Cancer Coalition
1154 Fifteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of NOVEMBER, 2007, a copy of the foregoing was forwarded by First Class Mail to Defendants at their offices at:

Richard Atkins
7612 14th Street NW
Washington DC 20012

Cynthia Samuels
7612 14th Street NW
Washington DC 20012

Cobblestone Associates LLP
c/o Richard Atkins
7612 14th Street NW
Washington DC 20012

David Schoenfeld
c/o Ward & Klein, Chartered
2275 Research Blvd., Suite 720
Rockville, MD 20850

Ward & Klein, Chartered
2275 Research Blvd., Suite 720
Rockville, MD 20850

Kathrina Peterson
Kuder, Smollar & Friedman, P.C.
1350 Connecticut Avenue, NW Suite 600,
Washington, District of Columbia 20036

Kuder, Smollar & Friedman, P.C.
1350 Connecticut Avenue, NW Suite 600,
Washington, District of Columbia 20036

National Prostate Cancer Coalition
1154 Fifteenth Street, NW
Washington, DC 20005

Nancy L. Spencer-Grigsby
POB 958
Bowie, MD 20718

_____
Clifford L. Brody

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLIFFORD L. BRODY<br><br>    Plaintiff<br>    *pro se*<br>v.<br><br>RICHARD ATKINS, CYNTHIA SAMUELS,<br>COBBLESTONE ASSOCIATES LLP,<br>DAVID M. SCHOENFELD,<br>WARD & KLEIN CHARTERED,<br>KATHRINA PETERSEN,<br>KUDER, SMOLLAR & FRIEDMAN, P.C.,<br>NATIONAL PROSTATE CANCER<br>COALITION,<br><br>    Defendants | CA 1:07-cv-01899-RMC<br>District for District of Columbia<br><br>*Related Case*:<br>Chapter 13: 07-11415-TJC<br>Southern District of Maryland<br><br>*Related Case*:<br>Adversary Proceeding 07-00902<br>Southern District of Maryland |

## **DRAFT ORDER**

Upon consideration of Plaintiff's Motion to Quash the Notice of Removal filed by Defendants Richard Atkins, Cynthia Samuels, Cobblestone Associates LLP, David M. Schoenfeld, and Ward & Klein Chartered, and to disqualify Defendants Ward & Klein Chartered and David M. Schoenfeld from representing any other Defendants in the civil RICO action CA 1:07-cv-01899-RMC, it is this ____ day of _____, 2007 hereby,

**ORDERED,** that Defendants' Notice of Removal is quashed, and further

**ORDERED,** that Defendants Ward & Klein Chartered and David M. Schoenfeld are

1

disqualified from representing any other Defendants in any matter related to the civil RICO action CA 1:07-cv-01899-RMC.

_____
The Honorable Rosemary M. Collyer
United States District Court for the
District of Columbia

Copies to:

Clifford L. Brody
4914 Crescent Street
Bethesda, Maryland 20816-1702

Richard Atkins
7612 14th Street NW
Washington DC 20012

Cynthia Samuels
7612 14th Street NW
Washington DC 20012

Cobblestone Associates LLP
c/o Richard Atkins
7612 14th Street NW
Washington DC 20012

David Schoenfeld
c/o Ward & Klein, Chartered
2275 Research Blvd., Suite 720
Rockville, MD 20850

Ward & Klein, Chartered
2275 Research Blvd., Suite 720
Rockville, MD 20850

Kathrina Peterson
Kuder, Smollar & Friedman, P.C.
1350 Connecticut Avenue, NW Suite 600,
Washington, District of Columbia 20036

Kuder, Smollar & Friedman, P.C.
1350 Connecticut Avenue, NW Suite 600,
Washington, District of Columbia 20036

National Prostate Cancer Coalition
1154 Fifteenth Street, NW
Washington, DC 20005

Nancy L. Spencer-Grigsby
POB 958
Bowie, MD 20718

2