D009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLIFFORD L. BRODY<br><br>                    Plaintiff<br>                    *pro se*<br><br>v.<br><br>RICHARD ATKINS, CYNTHIA SAMUELS,<br>COBBLESTONE ASSOCIATES LLP,<br>DAVID M. SCHOENFELD,<br>WARD & KLEIN CHARTERED,<br>KATHRINA PETERSEN,<br>KUDER, SMOLLAR & FRIEDMAN, P.C.,<br>NATIONAL PROSTATE CANCER<br>COALITION,<br><br>                    Defendants | CA 1:07-cv-01899-RMC<br>District for District of Columbia<br><br>*Related Case*:<br>Adversary Proceeding 07-00902<br>Southern District of Maryland<br><br>*Related Case*:<br>Chapter 13: 07-11415<br>Southern District of Maryland |

## PLAINTIFF'S PRAECIPE

Plaintiff Clifford L. Brody by and for himself submits a copy of an amended Motion to Strike and Remand that has been filed this day with the US Bankruptcy Court for the District of Maryland (Greenbelt).

Bethesda, Maryland
December 28, 2007

Respectfully submitted by:

Clifford L. Brody
*pro se*

Clifford L. Brody
4914 Crescent Street
Bethesda, Maryland 20816-1702
Home  301-320-3262
Cell     202-213-3076
Email  clbrody@verizon.net

**RECEIVED**
DEC 28 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __28__ day of __December__, 2007, a copy of the foregoing was forwarded by First Class mail to Defendants and others at their offices or those of their attorneys, at

For Defendants Atkins, Samuels, Ward, and Cobblestone:
David Schoenfeld
c/o Ward & Klein, Chartered
2275 Research Blvd., Suite 720
Rockville, MD 20850

For Defendants Kuder and Peterson:
David B. Stratton, Esq.
Jordan Coyne & Savits, L.L.P.
1100 Connecticut Ave., N.W. Suite 600
Washington, D.C. 20036-4117

For Defendant National Prostate Cancer Coalition:
Leslie A Epley
Crowell & Morning
1001 Pennsylvania Ave NW
Washington DC 20004-2595

Nancy L. Spencer-Grigsby
POB 958
Bowie, MD 20718

_____
Clifford L. Brody

D008

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND AT GREENBELT

| | |
|---|---|
| CLIFFORD L. BRODY<br><br>         Plaintiff<br>         *pro se*<br>v.<br><br>RICHARD ATKINS, CYNTHIA SAMUELS,<br>COBBLESTONE ASSOCIATES LLP,<br>DAVID M. SCHOENFELD,<br>WARD & KLEIN CHARTERED,<br>KATHRINA PETERSEN,<br>KUDER, SMOLLAR & FRIEDMAN, P.C.,<br>NATIONAL PROSTATE CANCER<br>COALITION,<br><br>         Defendants | Adversary Proceeding 07-00902<br>Southern District of Maryland<br><br>*Related Case*:<br>Chapter 13: 07-11415<br>Southern District of Maryland<br><br>*Related Case*:<br>CA 1:07-cv-01899-RMC<br>District for District of Columbia |

## PLAINTIFF'S AMENDMENT TO NOVEMBER 19, 2007 MOTION TO REMAND

  Plaintiff Clifford Brody for himself submits this Amendment to his November 19, 2007 Motion to Remand, to reconfirm that the underlying case, Plaintiff's RICO Complaint, CA 1:07-cv-01899 (Federal District Court for District of Columbia) (the "RICO Complaint"), has been improperly removed by Defendants Atkins, Samuels, Ward, Schoenfeld and Cobblestone ("Movants") from one Federal Court district to another, as explained below.

  It is plain on its face that Movants have purposefully flouted the provisions of 28 USC 1334, 1441, and 1552 by knowingly filing a clearly defective Notice of Removal ("Notice") with the Federal District Court for the District of Columbia. Their actions suggest an intentional effort on their part, particularly in the case of those Movants who are practiced in the law, to

knowingly contravene established law, federal rules of civil procedure, and substantial case law emanating from this District and others, and to cause consequential, intentional, and purposeful harm to Plaintiff.

Plaintiff accepts his obligation, and in fact acted upon that obligation, by filing his initial Motion on November 19, 2007, to bring defects in Defendants' removal action to the Court's attention, and to seek its remand. Plaintiff again meets this requirement by presenting the arguments contained in this Addendum. In all respects, this Amendment to Plaintiff's Motion fully comports with, and does not attempt correct or modify, all issues and arguments presented in the original Motion.

While there is no explicit provision in law or relevant federal bankruptcy rules specifying that this Court must summarily remand or strike a defective removal action, in light of Movants' blatant disregard for the spirit and the letter of the law, this Court has authority to immediately act *sua sponte* to strike the Notice and remand consideration of the RICO Complaint (CA 1:07-cv-01899) to the Federal District Court for the District of Columbia. The Court's action in this manner will be particularly appropriate given that Movants' actions so egregiously and explicitly contravene applicable federal statutes.

**WHEREFORE,** Plaintiff prays that this Court exercise its full discretionary authority, referenced by ample precedent documented herein, to immediately strike the Notice and remand or return the underlying RICO Complaint without further consideration or hearing. Plaintiff further asks that this Court deny any other Defendant motions submitted in this matter, in recognition that any matter raised therein can and should properly be evaluated by the Court of original jurisdiction (Federal District Court for the District of Columbia) for the RICO

*(rest of page intentionally blank)*

Complaint. Plaintiff has appended to this Amendment a Memorandum of Points and Authorities for the Court's review, together with a draft order.

Bethesda, Maryland  
December 28, 2007

Respectfully submitted by:

_____/s/_____  
Clifford L. Brody  
*pro se*

Clifford L. Brody  
4914 Crescent Street  
Bethesda, Maryland 20816-1702  
Home   301-320-3262  
Cell      202-213-3076  
Email   clbrody@verizon.net

## AFFIRMATION

I, Clifford L. Brody, solemnly swear or affirm under criminal penalties for the making of a false statement that I have read the foregoing Motion and its attachments and that the factual statements made in those documents are true and correct to the best of my personal knowledge, information and belief.

__December 28, 2007__      _____/s/_____  
Date                                             Clifford L. Brody

Copies to:

For Defendants Atkins, Samuels, Ward, and Cobblestone:  
David Schoenfeld  
c/o Ward & Klein, Chartered  
2275 Research Blvd., Suite 720  
Rockville, MD 20850

For Defendants Kuder and Peterson:  
David B. Stratton, Esq.  
Jordan Coyne & Savits, L.L.P.  
1100 Connecticut Ave., N.W. Suite 600  
Washington, D.C. 20036-4117

For Defendant National Prostate Cancer Coalition:  
Leslie A Epley  
Crowell & Morning  
1001 Pennsylvania Ave NW  
Washington DC 20004-2595

Nancy L. Spencer-Grigsby  
POB 958  
Bowie, MD 20718

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __28__ day of __December__, 2007, a copy of the foregoing was forwarded by First Class / Priority mail to Defendants at:

For Defendants Atkins, Samuels, Ward, and Cobblestone:
David Schoenfeld
c/o Ward & Klein, Chartered
2275 Research Blvd., Suite 720
Rockville, MD 20850

For Defendants Kuder and Peterson:
David B. Stratton, Esq.
Jordan Coyne & Savits, L.L.P.
1100 Connecticut Ave., N.W. Suite 600
Washington, D.C. 20036-4117

For Defendant National Prostate Cancer Coalition:
Leslie A Epley
Crowell & Morning
1001 Pennsylvania Ave NW
Washington DC 20004-2595

Nancy L. Spencer-Grigsby
POB 958
Bowie, MD 20718

_____/s/_____

Clifford L. Brody

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MARYLAND

CLIFFORD L. BRODY

                Plaintiff
                *pro se*

v.

RICHARD ATKINS, CYNTHIA SAMUELS,
COBBLESTONE ASSOCIATES LLP,
DAVID M. SCHOENFELD,
WARD & KLEIN CHARTERED,
KATHRINA PETERSEN,
KUDER, SMOLLAR & FRIEDMAN, P.C.,
NATIONAL PROSTATE CANCER
COALITION,

                Defendants

Adversary Proceeding 07-00902
Southern District of Maryland

*Related Cases*:

Chapter 13: 07-11415-TJC
Southern District of Maryland

CA 1:07-cv-01899-RMC
District for District of Columbia

## GROUNDS AND AUTHORITIES IN SUPPORT OF
## PLAINTIFF'S MOTION, AS AMENDED, TO STRIKE AND REMAND

    Plaintiff respectfully asks the Court to strike the Notice of Removal ("Notice") filed by certain of the named Defendants of the underlying case, CA 1:07-cv-01899 ("RICO Complaint") and to remand or return that matter to the court of original jurisdiction, namely the Federal District Court for the District of Columbia, without further hearing on any substantive matter raised by any Defendants in their various filings and motions made to this Court.

    Defendants Atkins, Samuels, Ward, Schoenfeld and Cobblestone ("Movants") have improperly caused removal of the RICO Complaint to this Court in profound contravention of established law, federal rules of civil procedure, and substantial precedent, resulting in intentional and purposeful delay and harm caused to Plaintiff. There can be little doubt that Movants were aware, or should have been aware, of their improper actions, for the reasons set

forth below. An appendix is attached to this Memorandum, for the Court's reference, listing additional case law supporting the reasonable expectation that a professional attorney would be aware of the literal statutory wording and meaning of statute and court rules related to removal, and would therefore refrain from flouting those provisions and executing, as Movants have done, such a patently defective Notice.

Action by this Court to remand or strike without further delay will serve to overcome this perverse result, serve the interests of judicial economy, and re-establish fairness to all parties.

## I. GENERAL STATEMENT REGARDING APPLICABLE LAW, COURT RULES, AND RELEVANT CASE LAW

1. By filing their Notice of Removal to remove a case from one federal district to another, Movants have entirely failed to meet the basic statutory and FRBP requirements attendant to removal and referral, and in fact have purposefully ignored these requirements in their entirety in their attempt to delay the full and fair administration of justice.

2. In their statements to this Court[1] and their defense of their Notice of Removal ("Notice"), Movants have presented the Court with a profoundly inventive and specious distortion of applicable law. In the process, they have wholly ignored:

    a. the explicit text and ensuing limitations intrinsic in the actual wording of relevant Title 28 provisions,

    b. the actual wording of Rule 9027 of the Federal Rules of Bankruptcy Procedure, and

    c. the extraordinarily rich case law establishing the "rules of the road" governing removal, referral, remand, and, in particular, this Court's discretion, based on law, FRBP, case

---

[1] See, for example, pp.1-2, Movants' November 26, 2007 Opposition to Debtor's Response To Notice of Removal and Motion to Remand

law, and its own volition, *sua sponte,* to strike their Notice of Removal and return or remand the underlying matter.

3. The statutory language explicitly specifying when, where, and how removal can be effected is clear on its face. Removal is governed in the first instance by 28 U.S.C. § 1441(a), which provides as follows:

> "Except as otherwise expressly provided by Act of Congress, any civil action *brought in a State court* [emphasis added] of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending.*" [emphasis added]

4. Removal in bankruptcy cases is further governed by 28 U.S.C. § 1452(a), which provides as follows:

> "A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, *to the district court for the district where such civil action is pending,* [emphasis added] if such *district court* [emphasis added] has jurisdiction of such claim or cause of action under section 1334 of this title."

5. Notably, both sections are contained in Chapter 89, clearly entitled: *"Chapter 89- District Courts; Removal Of Cases From State Courts"*. Plaintiff is not aware of any court anywhere ever interpreting the words "state courts" to mean federal courts.

6. In turn, 28 U.S.C. § 1334(a) provides:

> "Except as provided in subsection (b) of this section, the *district court* [emphasis added] shall have original and exclusive jurisdiction of all cases under title 11."[2]

7. While this statutory provision places jurisdiction over bankruptcy cases in the district court, 28 U.S.C. § 157(a) provides:

> "Each district court may provide that any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the bankruptcy judges *for the district.*" [emphasis added]

---

[2] See also Appendix to this document

8. The effect of these two provisions – 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a) – is that district courts are vested with jurisdiction over bankruptcy cases, and that a district court *may* but is not obliged to refer its bankruptcy jurisdiction to the bankruptcy court. In fact, no statute directly confers jurisdiction upon the bankruptcy court for other than bankruptcy cases and related proceedings that are referred by the district court. See 28 U.S.C. § 157(b)(1).[3]

9. Finally the basic rule governing removal procedure in the Federal Rules of Bankruptcy Procedure, Rule 9027 includes these passages:

> "...an application for removal shall be filed with the clerk for the district and division *within which is located the state ... court where the civil action is pending.* [emphasis added]

10. No court has ever suggested that the applicability of Rule 9027 can be seen as altering the scope and meaning of the statutory language of Title 28 provisions. Rather, adherence to Rule 9027 provisions must comport fully with those Title 28 provisions and cannot be used as a lever to bypass their requirements, no less flout them entirely as Movants have done by filing their Notice.

## II. CASE LAW AFFECTING REMOVAL UNDER 28 USC 157, 1334, 1441 AND 1452 CONFIRMS FATAL DEFECT IN MOVANTS' NOTICE

11. By filing their Notice of Removal to remove a case from one federal district to another, Movants have intentionally flouted the basic requirements for removal that have repeatedly been reconfirmed in relevant case law emanating from this and other Districts over more than three decades.

12. That case law establishing where removal can be effected is explicit and clear: a transfer of venue is required and can only be transferred to the bankruptcy court *within the district* in which the underlying civil action is pending, not to where a bankruptcy case has been

---

[3] Sharp Electronics Corp. v. Deutsche Financial Services Corp., 222 B.R. 259, 263 (Bankr.D.Md.1998)

filed. Only after a case has been so referred can a motion to transfer venue to another district be made.[4] That motion is subject to all normal court rules, including but not limited to notification, response, and hearing.

13. Under the United States Supreme Court's decision in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995), the removal of a bankruptcy case may be effected under either § 1441 or § 1452.

14. This said, it has long been understood in the District of Maryland as well as other federal districts that when a pending case has not been removed from a state court, Section 1441 cannot be the basis for removal. (See Sharp Electronics Corp. v. Deutsche Financial Services Corp., 222 B.R. 259, 263 (Bankr.D.Md.1998): "Because the pending civil action was not removed from a state court, 28 U.S.C. § 1441 is not implicated. Under *Things Remembered*, the court proceeds to examine the issue of whether removal from the District Court may be effected under § 1452(a)."

15. Virtually all other case law cited in *Sharp* addressing the appropriateness of removal under §1452 deals with removal from one venue to another *within the same district*.[5]

16. Section 1452(a) was enacted in tandem with the Bankruptcy Amendments and Federal Judgeship Act of 1984, precipitated by the Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Section 1452(a) replaced an earlier statute, 28 U.S.C. § 1478, which had provided in part:

> "A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a government unit

---

[4] See for example Luevanu v Dow corning WD Tex 1995 183 BR 751  Also: motion to transfer venue of pending state action must be to bankruptcy district in which state action is pending, not where bankruptcy case has been filed; once it is removed, motion to transfer venue to another district can be made; In re Trafficwatch 1992 Bankr EDTEX 138 BR 841; see also other precedents listed in Appendix to this document.
[5] See *Sharp* decision, Sec. IV, for complete discussion; extracts included in Appendix to this Memorandum

to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district *where such civil action is pending*, [emphasis added] if the bankruptcy courts have jurisdiction over such claim or cause of action."

17. The major difference between the former § 1478(a) and § 1452(a) is that the removal must now be made to the district court in the first instance, rather than to the bankruptcy court.

18. Under the former §1478, most district courts (including Maryland) adopted a local rule pursuant to 11 U.S.C. § 157(a) that automatically referred to the bankruptcy court all cases under title 11, and any civil proceedings arising under, arising in or related to cases under title 11.

19. The replacement of §1478 with §1452 turned removal to the bankruptcy court into a two step process, namely, removal to the district court in which the civil case was filed and then referral to the bankruptcy court.[6] In no case did this statutory change provide for removal directly from one federal district to another.

20. Finally, while there is no explicit provision for summary dismissal or of hearings on a defective removal petition in bankruptcy as there are under general removal statute, there is likewise no prohibition. Moreover, if the court lacks subject matter jurisdiction, it may act *sua sponte* to strike and remand.

21. A court is well served in this regard, however, when one or another party to the removed matter first brings such a defect to court's attention, as Plaintiff has done herein and in his November 19, 2007 Motion to Remand (see *In re Branded Products Inc* Bankr. W.D.Tex 1993 154 BR 936).

---

[6] *Sharp* at 263 (Bankr.D.Md.1998)

## III. FACTORS OF JUDICIAL ECONOMY, COMITY, AND EQUITY POINT TO STRIKING REMOVAL NOTICE AND REMAND

22. With respect to judicial economy, comity, and equity, most case law related to removal and remand reflects court decisions dealing with removal of *state* court cases to federal district courts, perhaps because Movants' Notice so blatantly contravenes statutory requirements as to never have been considered ethical or appropriate by other parties in other cases.

23. The scope and context of this case law notwithstanding, and even if, as one consequence, the question has been decided both ways as to whether the Court is bound by the Doctrine of Mandatory Abstention to strike the Notice and remand, this case law is uniformly indicative of the Court's discretionary authority to abstain from considering any aspect of the RICO Complaint.[7]

24. This Court in fact has full discretion to remand or abstain for any reasonable ground.[8] The precedents established and / reconfirmed in Technology Outsource Solutions LLC ("TOS") v ENI Technology (unreported; WDNY 2003 WL 252141), in which the case was remanded to the court of original jurisdiction, are particularly illustrative in this regard.

25. TOS' motion for remand and abstention was filed as its first response to the Notice of Removal. While the court determined that it had jurisdiction (because the underlying matter arose first in <u>state court</u>, not federal court), it concluded that discretionary remand was nevertheless warranted, and that remand would not in any way prevent the bankruptcy court from addressing creditor claims.

---

[7] See Technology Outsource Solutions v ENI Technology, Inc. (unreported) 02-CV 6433 WD NY WL 252141: Doctrine of mandatory abstention "based upon a state law claim or state law cause of action related to a case under Title 11" is applicable to removed cases. 28 U.S.C.A. §§1334(c)(2), 1452; <u>further extracts presented in Appendix to this document</u>.

[8] (see In re Fulda Independent Co-op Bankr. D MN; Frelin v Oakwood Homes Bankr. ED Ark 2003 292 BR 369 In re Duval County Ranch Co Bankr. SD Tex 1994 167 BR 848 In Re Ramada Inn Paragold General Partnership Bankr. ED ark 1992 138 BR 63 Technology Outsource Solutions LLC v ENI Technology WDNY 2003 WL 252141 (Unreported); In re Costa Bankr. ED Cal 1994 172 BR 954

## IV.   CONCLUSION

The entire body of relevant federal statute, Rules of Bankruptcy Procedure, and case law points to the inescapable conclusion that Movants' Notice of Removal seeking direct removal of Plaintiff's RICO Complaint from one federal district to a bankruptcy court in another federal district, in a manner not affording Plaintiff due process rights, violently contravenes both the spirit and the letter of the law.

Plaintiff prays that for this and all reasons set forth above, in the covering document accompanying this Memorandum of Grounds and Authorities, and in his original Motion, this Court immediately exercise its full discretionary authority to strike the Notice without further consideration or hearing, and to immediately instruct the Clerk to return the underlying RICO Complaint to the Federal District Court for the District of Columbia.  Plaintiff further asks that this Court deny any other of any Defendant Motions submitted to this Court in this matter, in recognition that any matter raised therein can and should properly be evaluated by the Court of original jurisdiction (Federal District Court for the District of Columbia) for the RICO Complaint.

Bethesda, Maryland
December 28, 2007

Respectfully submitted by:

_____/s/_____
Clifford L. Brody
*pro se*

Clifford L. Brody
4914 Crescent Street
Bethesda, Maryland 20816-1702
Home  301-320-3262
Cell     202-213-3076
Email  clbrody@verizon.net

# APPENDIX

The following additional case law precedents are provided for the convenience of the Court, in the form of verbatim extracts.

## I. Removal: When, Where, and How

**Coastal Plains, Inc., § Case No. 86-31299-HDH-7 / Adversary Procedure 04-3669 (2005) Bankr. N.D.Tex. Memorandum Opinion, pp 8-11**:

> The cases cited by the Plaintiffs for this proposition, may contain some dicta supporting their position, but involved cases where a party tried to "remove" a case from federal district court to the bankruptcy court for that district. See *Sharp Electronics Corp. v. Deutsche Financial Services Corp.*, 222 B.R. 259 (Bankr. D. Md.)

**Cornell & Company, Inc. v. Southeastern Pennsylvania Transportation Authority (In re Cornell & Company, Inc.), 203 B.R. 585 (Bankr. E.D. Pa. 1997); reference to Centrust Savings Bank v. Love, 131 B.R. 64, 65-66 (S.D. Tex. 1991)**:

> This Court agrees that the proper procedure in that instance is to request that the district court refer the proceeding to the bankruptcy court, because a case cannot be removed from a federal district court to its own bankruptcy court within that district. However, the present case before the Court involves a removal from state court to bankruptcy court.

**307 B.R. 462 Doyle v Mellon Bank Civ.A. No. 02-cv-2939 United States District Court, E.D. Pennsylvania, March 24, 2004**:

> Five bankruptcy courts and one district court have found no authority to support removal from a district court to a bankruptcy court. Centrust Savings Bank v. Love, 131 B.R. 64, 65 (S.D.Tex.1991); Thomas Steel Corp. v. Bethlehem Rebar Industries, Inc., 101 B.R. 16, 19 (Bankr.N.D.Ill.1989); In re Interpictures, Inc., 86 B.R. 24, 28-29 (Bankr.E.D. New York 1988); In re Mitchell, 206 B.R. 204, 210-211 (Bankr.C.D.Cal.1997); Sharp Electronics Corp. v. Deutsche Financial Services Corp., 222 B.R. 259, 263 (Bankr.D.Md.1998); In re Cornell & Company, Inc., 203 B.R. 585, 586 (Bankr.E.D.Pa.1997). Both Cornell and Thomas Steel rejected the contention that "district court" in section 1452(a) could be read as embracing bankruptcy courts. Cornell, 203 B.R. at 586; Thomas Steel, 101 B.R. at 19. The Cornell court observed that Philadelphia Gold's reading of the statute would create a "gap" in the district court's complete referral power over bankruptcy matters [...]." Cornell, 203 B.R. at 586, and noted that, even if a bankruptcy court had authority to accept removal of a case, that authority would be undermined by 28 U.S.C. § 157(d), which gives district courts the power to withdraw cases from bankruptcy courts. Id. It is the view of this court that the rulings in Cornell and Thomas Steel are wholly persuasive. Accordingly, plaintiffs'

Notice of Removal of the case at bar from this court to the bankruptcy court is deemed to be without effect, and will be stricken.

## II. Applicability of 28 USC 1452 to Removal of Cases

**Sharp Electronics Corp. v. Deutsche Financial Services Corp., 222 B.R. 259, 263 (Bankr.D.Md.1998)**

> From decision Sec. IV: There is a split of case authority concerning the issue at bar. Compare Mitchell v. Fukuoka Daiei Hawks Baseball Club (In re Mitchell), 206 B.R. 204 (Bankr.C.D.Cal.1997) (holding that a case may not be removed from the district court to a bankruptcy court in the same district); Cornell & Co., Inc. v. Southeastern Penn. Transp. Auth., 203 B.R. 585 (Bankr.E.D.Pa.1997); Thomas Steel Corp. v. Bethlehem Rebar Indus., Inc., 101 B.R. 16 (Bankr.N.D.Ill.1989); Centrust Savings Bank v. Love, 131 B.R. 64, 66 (S.D.Tex. 1991) ("an attempt to 'remove' a case from district court to bankruptcy court is an attempt to remove a case from me to me for me"); HCFS Business Equip. Corp. v. LDI Fin. Servs. Corp., 129 B.R. 157 (N.D.Ill. 1991); In re Croley, 121 B.R. 412 (Bankr. D.D.C.1990); Safeco Ins. Co. of Am. v. Watson-Mahaney (In re Mahaney), 70 B.R. 578, 581 (Bankr.N.D.Ill.1987); Helena Chemical Co. v. Manley, 47 B.R. 72 (Bankr.N.D.Miss. 1985); with MATV-Cable Satellite, Inc. v. Phoenix Leasing, Inc., 159 B.R. 56, 59 (Bankr. S.D.Fla. 1993) (holding, as a matter of practicality, that a case may be removed to the bankruptcy court from the district court in the same jurisdiction, because to hold otherwise would be "spending more time arguing about where to try a case than in trying the case"); Philadelphia Gold Corp. v. Fauzio, 56 B.R. 87 (Bankr.E.D.Pa.1985). *Philadelphia Gold has been cited as the seminal case for the proposition that a litigant in a district court proceeding may remove the case to the same court for the purpose of utilizing the automatic reference to the bankruptcy court. See Case Management Manual for United States Bankruptcy Judges, Ch. II, Sec. D. 1 (U.S.Jud.Conf.1995); Mitchell v. Fukuoka Daiei Hawks Baseball Club, 206 B.R. at 210. It is noted, however, that the United States Bankruptcy Court for the Eastern District of Pennsylvania, from which the Philadelphia Gold case arose, has ruled that the Philadelphia Gold holding no longer applies. See Cornell, 203 B.R. at 586.* [emphasis added]

## III. Applicability of 28 USC 1334 and 28 USC 157 to Removal

**Sharp Electronics Corp. v. Deutsche Financial Services Corp., 222 B.R. 259, 263 (Bankr.D.Md.1998)**

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. [Footnote 1: 28 U.S.C. § 1334(a) provides: "Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11."] This statutory provision places jurisdiction over bankruptcy cases in the district court. However, 28 U.S.C. § 157(a) provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under

title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The effect of these two provisions is that the district courts are vested with jurisdiction over bankruptcy cases, but a district court *may* [emphasis added] refer its bankruptcy jurisdiction to the bankruptcy court. No statute directly confers jurisdiction upon the bankruptcy court for other than bankruptcy cases and related proceedings that are referred by the district court. See 28 U.S.C. § 157(b)(1).

## IV. Removal for Reasons of Judicial Economy, Comity, and Equity

**In re Continental Holdings Inc Bankr. N.D. Ohio 1993 158 BR 442**

> Even if removal jurisdiction existed on grounds that case were "related to" bankruptcy cases, equitable remand to state court was appropriate... there would be great duplication of judicial resources if remand were denied...Adams v Insurance Co of North America S.D.W.Va. 2006 426 Fsupp2d 356

## V. Remanding or Striking for Reasons of Mandatory Abstention or Discretionary Remand

**Technology Outsource Solutions v ENI Technology, Inc. (unreported) 02-CV 6433 WD NY WL 252141**

> 28 U.S.C. § 1334(c)(2) ... provides that, on timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
>
> Though some courts have held that this provision is not applicable to removed cases, since there is no longer a state action pending that could be "timely adjudicated," "the majority of courts have held the opposite, noting that the commencement of the removed action in state court is sufficient for purposes of § 1334(c)(2) such that mandatory abstention can apply to removed actions." Universal Well Servs., Inc. v. Avoca Natural Gas Storage, 222 B.R. 26, 31 (W.D.N.Y.1998) (Telesca, J.). On this issue, the Court finds Judge Telesca's decision in Universal well-reasoned and supported by the majority of U.S. Courts of Appeals that have considered the question. Moreover, this Court has not found any Second Circuit decision to the contrary. (Footnote 3)
>
> The Court also finds that it should abstain under 28 U.S.C. § 1334(c)(1), which allows for discretionary abstention. That section states, in pertinent part, "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Thus, returning this case to state court will not prevent the bankruptcy court from addressing ENI's claims pertaining to the sale of assets to TOS. Therefore, in the interests of comity, the Court finds it appropriate to abstain pursuant to 28 U.S.C. § 1334(c)(1), and remand the case…

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND AT GREENBELT

| | |
|---|---|
| CLIFFORD L. BRODY<br><br>                              Plaintiff<br>                              *pro se*<br><br>v.<br><br><br>RICHARD ATKINS, CYNTHIA SAMUELS,<br>COBBLESTONE ASSOCIATES LLP,<br>DAVID M. SCHOENFELD,<br>WARD & KLEIN CHARTERED,<br>KATHRINA PETERSEN,<br>KUDER, SMOLLAR & FRIEDMAN, P.C.,<br>NATIONAL PROSTATE CANCER<br>COALITION,<br><br>                              Defendants | Adversary Proceeding 07-00902<br>Southern District of Maryland<br><br>*Related Case:*<br>Chapter 13: 07-11415<br>Southern District of Maryland<br><br>*Related Case:*<br>CA 1:07-cv-01899-RMC<br>District for District of Columbia |

## DRAFT ORDER

Upon consideration of Plaintiff's Motion to strike the Notice of Removal filed on November 6, 2007 by Defendants Atkins, Samuels, Cobblestone, Ward, and Schoenfeld and to remand the underlying matter (CA 1:07-cv-01899) brought before this Court as a result of that Notice, it is this ____ day of _____, 200_ hereby,

1

**ORDERED,** that the aforementioned Notice of Removal is stricken, and further

**ORDERED,** that the underlying matter, CA 1:07-cv-01899, is remanded to the Federal District Court for the District of Columbia, and further

**ORDERED,** that the Clerk shall immediately notify the Federal District Court for the District of Columbia of this order, and further

**ORDERED,** that all other motions submitted to this Court by any Defendant named in CA 1:07-cv-01899 are denied.

_____
The Honorable

Copies to:

For Defendants Atkins, Samuels, Ward, and Cobblestone:
David Schoenfeld
c/o Ward & Klein, Chartered
2275 Research Blvd., Suite 720
Rockville, MD 20850

For Defendants Kuder and Peterson:
David B. Stratton, Esq.
Jordan Coyne & Savits, L.L.P.
1100 Connecticut Ave., N.W. Suite 600
Washington, D.C. 20036-4117

For Defendant National Prostate Cancer Coalition:
Leslie A Epley
Crowell & Morning
1001 Pennsylvania Ave NW
Washington DC 20004-2595

Nancy L. Spencer-Grigsby
POB 958
Bowie, MD 20718